McKay *v.* Bissett *et al.*

JAMES McKAY, appellant, *v.* WILLIAM BISSETT *et al.*; appellees.

*Appeal from Lake.*

In a bill in Chancery to correct an alleged mistake, the complainant based his claim to relief on the ground of actual notice to a subsequent purchaser. The answer positively denied such notice, and there was no proof to sustain the allegation. The complainant then insisted that he was not a purchaser for a valuable consideration, and that, therefore, proof of actual notice was unnecessary. There was no allegation to this effect in the bill: *Held,* that the complainant, if he had intended to rely on this point, should have distinctly so stated and charged in the bill.

A complainant must recover, if at all, on the case made by his bill. He cannot state one case in his bill, and make out a different one in proof. The allegations and proofs must correspond; the latter must support, and not be inconsistent with the former. Although a good case may appear in the evidence, yet if it be variant from that stated in the bill, the bill will be dismissed. The defendant has the right to answer and contest the case on which the complainant claims relief, and he is not required to explain or controvert what is not there stated as the foundation of the claim.

BILL IN CHANCERY, in the Lake Circuit Court, filed by the appellant against the appellees.

The bill alleged that the complainant on or about the 13th day of September, 1842, became bound with Burleigh Hunt, as his surety, unto Jesse H. Foster in the penal sum of $800, on the condition following, to wit: "The condition of the

above obligation is such that whereas the above bound Burleigh Hunt and James McKay has this day sold to the said Jesse H. Foster, his heirs & assigns, for the sum of $800, $799 in hand paid, the receipt of which is hereby acknowledged and one dollar to be paid on the 22d of September, A. D. 1843, all the following described lot or parcel of land, to wit: Lot numbered (29) twenty nine and the building thereon, being part of section sixteen, in township numbered forty four north, range numbered eleven east of the third principal meridian, designated on the map of the said section as made by the trustees of school lands within said township, the same being in the county of Lake and State of Illinois, upon the payment of said sum being made at the time and in the manner aforesaid to the said Burleigh Hunt and James McKay, their heirs, executors and assigns, covenant and agree to and with the said Jesse H. Foster, his heirs, executors, administrators and assigns to execute a good and sufficient deed of conveyance in fee simple, free from all incumbrances with full and proper covenants of warranty for the above described premises: Now if the said Burleigh Hunt and James McKay shall well and truly keep, observe and perform their said covenants and agreements herein contained on their part, then this obligation is to be void, otherwise to remain in full force and virtue."

The bill further alleged that said Hunt, at the request of said complainant and to save him harmless as surety aforesaid, on or about the 20th of November 1842, procured William Bissett to convey by a deed of general warranty to complainant the following described land, to wit: The north half of the north east fractional quarter of section twenty eight, in fractional township forty five north, range twelve east of said third meridian, containing eighty acres, for the consideration of $100, as was expressed in the deed thereof; that the complainant, on the 25th day of said November, by his bond of that date bound himself in the penal sum of $10,000 to the said Hunt, to the purport that if the said Hunt should save the complainant harmless as aforesaid, the said complainant would, on request, on or before

the first day of October then next convey to said Hunt, or his assigns, the land last mentioned; that on or about the 27th day of May, 1843, the bond first mentioned was canceled and delivered up by said Foster to the complainant; that after such delivery, to wit, on or about the 24th day of May, 1844, the complainant, at said Hunt's request, conveyed said land to said Bissett, excepting and reserving lots two and twelve in block seven, and lot three in block one, and one square acre lying in the north east corner of said north east quarter of said section in McKay's addition to the town of Little Fort.

The bill further alleged, that during the time the complainant was holding said land under said deed from said Bissett to him, it was laid off by the complainant into town lots as an addition to said Little Fort, at the request of said Hunt and Bissett, and the plat thereof was recorded as "McKay's addition;" that on or about the 26th day of June, 1844, Bissett conveyed said land, excepting and reserving said lots and the square acre aforesaid, to Rufus Tiffany for the alleged consideration of $2700, and that said Tiffany afterwards, on or about the 1st day of July then next ensuing, conveyed said land, excepting the said described lots, to William C. Tiffany, his son, for the alleged consideration of $5200; that the complainant, between the 1st and 24th day of May bought of, and paid for said lots so reserved as aforesaid, to wit: Lot No. three in block three, not block *one* as reserved in McKay's addition, and that lots two and twelve in block seven, and one square acre aforesaid, were, at the request of said Hunt and with the knowledge and assent of said Bissett, conveyed by the complainant to other persons while he held the title as aforesaid.

It was further alleged in said bill, that there was a mistake in the re-conveyance to said Bissett, to wit: "Lot No. three in Block No. *one* (1)" was so described by mistake, and was intended to be lot No. three in block No. *three*, and that there was no such lot as lot No. three in block No. one, and that the intention to reserve lot three in block three, was well understood by said Bissett at the time said

re-conveyance was made known to him by complainant, but that he was not aware of the misdescription until after said re-conveyance was made, and that he repeatedly afterwards admitted that it was a mistake; that said Rufus Tiffany had notice from said Bissett of said mistake, and that his son also had actual notice, before taking the deed from him, of the reservation and the mistake; that said Rufus Tiffany, before the conveyance to his son, was repeatedly requested by the complainant to quit-claim said lot three in block three to him, and that after such conveyance, the said William C. Tiffany was similarly requested, but that both refused to accede to his said request.

It was also alleged in said bill that a judgment was recovered by the State Bank of Illinois and others against said Hunt and others, and an execution sued out after said re-conveyance, and levied on said lot three in block three, &c.

The bill concluded with a prayer for the correction of the alleged mistake, and that the said William C. Tiffany execute and deliver a deed to complainant, &c., and that the said plaintiffs in said judgment be enjoined from selling under said levy, &c.

The defendants Tiffany, in their answer to the bill, admitted the conveyances from Bissett to Rufus Tiffany, and from the latter to William C. Tiffany for a valuable consideration. As to the alleged purchase by McKay from Hunt, &c., between the first and twenty first days of May aforesaid, the defendants stated that they had no knowledge of it, but believe that it was not true that such a purchase was made for a good or valuable consideration paid, and with the knowledge and assent of Bissett. They alleged that from an examination of the plat as originally made, a lot was regularly laid off and platted, which, they believe, in the regular order of numbering, would have been designated as lot three in block one, but that the lines appear to have been since erased, but by whom the same was done they do not know. The answer, which was joint and several, denies the notice and knowledge charged in the bill, and the allegations of the bill in this respect were not sustained by the proof.

The answer claimed benefit and advantage of certain defects in the bill, want of proper allegations and of its general insufficiency to entitle the complainant to relief, and asked for the same benefit as if a demurrer had been filed to the bill for the same causes.

The cause was submitted upon the bill, answers, replication and proofs, to the Hon. Hugh T. Dickey, then Judge of the Cook County Court, presiding in said Lake Circuit Court at the request of the Judge of said Court, who took the same under advisement. At the September special term, 1848, the issues having been found for the defendant, the bill was dismissed.

*B. S. Morris*, for the appellant, among other points, contended that the Tiffanys were not purchasers for a valuable consideration paid before notice of complainant's claim, and that they were not, therefore, injured in any way. They did not aver in their answer that either of them ever paid anything for the lands and tenements conveyed to either of them, either before or since notice, and that, therefore, their answer was wholly defective and insufficient for that purpose. He contended that a *bona fide* purchaser is one who has not only obtained the legal title, but has also paid his money in full before notice, and has proved it. In support of this proposition, he cited 1 Story's Eq. Jur. 664 *c;* 2 do. 1502; *Wood* v. *Mann*, 1 Sumner, 506; *Flagg* v. *Same*, 2 do. 487; *Thompson* v. *Mason*, 4 Bibb, 198.

*E. W. Hoyt*, for the appellees.

The answer fully denies the allegation of notice, and the testimony of two witnesses at least, proving notice, is necessary to overcome this positive denial. Lube's Eq. Pl. 112.

The only witness who assails this denial is Bissett, but by the testimony of a witness who, as Bissett swears, was present at the time of the notice alleged to have been given to Rufus Tiffany, the answer is fully sustained. He disproves the fact alleged.

McKay *v.* Bissett *et al.*

It is contended by the complainant that there is no proof that William C. Tiffany is a purchaser for a valuable con- sideration, and that he is a mere trustee. The bill does not seek or ask for relief on this ground, but on the ground of notice. The complainant cannot thus change his position and claim that the conveyance is fraudulent or without con- sideration, not having so alleged in his bill. Story's Eq. Pl. §§ 263, 264.

It is also contended that the Tiffanys cannot be protected as *bona fide* purchasers without notice, because the full con- sideration has not been paid, and to sustain this position, the complainant's counsel cites 1 Sumner, 506, 2 do. 487, and other authorities. But these cases do not sustain his posi- tion. They only show that the complainant may, under some circumstances, entitle himself to the balance or to a portion of the consideration money remaining unpaid. See 1 Sumner, 547–52 ; 2 do. 507–12.

Again we say that if the complainant intended to rely upon this ground, he should have charged the facts instead of attempting to mislead by placing his claim upon the sole ground of notice. It is a material fact which the defend- ants were entitled to controvert, but upon which no issue could be taken unless charged in the bill.

The case cited from 4 Bibb, was where the heir was al- lowed to set up the statute as a bar to the parol contract of his ancestor. So also may a devisee. May not a purchaser for a consideration, whether with or without notice ?

The Opinion of the Court was delivered by

TREAT, C. J. The question of notice is decisive of this case. The complainant alleges in the bill, that the defendant, William C. Tiffany, in whom the legal estate in the lot is vested, had actual notice of the mistake in the de- scription of the lot in the conveyance to Bissett. This is made the basis of his right to relief as against this defendant. The charge of notice is explicitly denied in the answer. There is no proof whatever to sustain the allegation. It is

McKay *v.* Bissett *et al.*

insisted, however, by the counsel for the complainant, that this defendant was not a purchaser for a valuable consideration, and therefore proof of actual notice is unnecessary. It is a conclusive answer to this position to say that the bill does not place the right to relief upon this ground. A complainant must recover on the case made by his bill. He is not permitted to state one case in the bill, and make out a different one in proof. The allegations and proof must correspond; the latter must support, and not be inconsistent with, the former. Although a good case may appear in the evidence, yet if it be variant from the one stated in the bill, the bill will be dismissed. The defendant has the right to answer and contest the case on which the complainant claims relief. *Harrison* v. *Nixon,* 9 Peters, 483; *Boon* v. *Chiles,* 10 do. 177; 1 Smith's Ch. Pr. 346; *Doyle* v. *Teas,* 4 Scam. 202. If the complainant intended to rely on the fact that the defendant was not a purchaser for a valuable consideration, he should have distinctly so. stated and charged in the bill. The defendant could then have shaped his case accordingly. As it is, he was not called on to explain and controvert such an allegation.

The decree of the Circuit Court is affirmed with costs.

*Decree affirmed.*