GIDEON SIBERT, Plaintiff in Error, *v.* DANIEL McAVOY, Defendant in Error.

ERROR TO MORGAN.

A verdict upon an issue out of chancery, does not necessarily constitute the basis of the adjudication in the suit.

If a party desires to have a mistake in a contract corrected, he must resort to equity for that purpose, before he submits the contract to a court for adjudication.

Contracts can only be reformed for mistakes of fact.

IN this case the parties entered into a written contract about ditching to be done by McAvoy for Sibert and others.

McAvoy did the work as the parties directed, and upon the settlement for the work, Sibert refused to pay according to the measurement contended for by McAvoy, and he sued in a court of law for his work.

A difficulty arose upon the trial as to the construction of the contract, and the jury disagreed, and there was a mistrial, and the attorneys for the parties made an agreed case, to test this point; upon which *pro formâ* judgment was rendered in the circuit court, and the case went to the supreme court, and the *pro formâ* judgment was there affirmed. The question made and decided in this case, was as to the construction of the contract as it was written.

McAvoy then filed a bill in chancery alleging that the contract really between the parties was different from the manner in which it had been written, and alleged that there was a mistake in drawing up the contract made by the person employed to

write it, and that the other party fraudulently took advantage of said mistake on the trial at law.

McAvoy set out in his bill those proceedings at law and alleged, that this mistake in writing the contract, was never discovered by him until the trial of the suit at law.

The bill prayed that an issue might be made out of chancery and tried by a jury, to determine whether the mistake alleged did occur, and to determine what the contract really was between the parties, and which they intended to have reduced to writing.

The defendants, Sibert and others, answered and denied the making of the mistake, and contended for the contract as it was written, and also set up the agreed case, and the judgment at law as an estoppel to the relief asked in this bill.

The circuit court ordered the issue to be tried by the jury as by the bill asked, and said trial was had, and the court of law, upon the motion of both parties, gave instructions, and the jury found the issues for McAvoy, and found the contract to be as alleged by him, and the error in drawing it up.

This verdict was certified to the court of chancery, and said verdict and instructions of both parties, and said agreed case and judgment at law, and all the proofs on both sides establishing the amount due and the sums paid were given in evidence, and the court entered a decree for McAvoy for the balance due him as prayed in his bill.

Sibert and others bring this case to this court to reverse this decree.

This cause was heard before WOODSON, Judge, at March term, 1853, of Morgan Circuit Court.

D. A. SMITH and W. BROWN, for plaintiff in error.

M. McCONNEL, for defendant in error.

CATON, J. In November, 1851, a contract was entered into by Sibert and others of the one part, and McAvoy of the other part, by which McAvoy was to dig a certain ditch, for which Sibert and others were to pay him twelve and one half cents per yard, the measurement to be made by David Hodges. Payments were made as the work progressed. After the work was completed it was measured by Hodges. McAvoy was dissatisfied with the rule of measurement adopted by Hodges. He then brought a suit at law upon the contract, upon which an agreed case was made up, in which it was agreed, that under the contract declared upon, McAvoy had dug the ditch of cer-

tain specified dimensions, the actual excavation of which was 3,003¼ cubic yards as Hodges had measured it, but when measured by another engineer, according to a rule laid down in the contract as he construed it, and which gave more than the actual amount of the work, the measurement amounted to 6,125 cubic yards. In that case the court adopted Hodges' measurement, and allowed the plaintiff for the amount of work actually done, at the price agreed upon, and rendered judgment for the defendants who had overpaid the plaintiff according to that measurement. That case was brought to this court, where the same construction was given to the contract, and the judgment was affirmed. This bill was then filed by McAvoy, alleging a mistake in drawing up the contract, praying the court to correct the mistake, and decree to the complainant the additional compensation to which he would be entitled under the contract as amended. Issues were formed and tried by a jury, who found for the complainant, whereupon a decree was entered adjudging to the complainant $390.22 and interest, amounting to the sum of $66.30. To reverse this decree the suit is brought to this court.

The record does not present the evidence upon which the jury found their verdict, as it should have done. A verdict upon an issue out of chancery does not necessarily constitute the basis of the adjudication in the suit, as is the case at common law. It is not conclusive of the facts thus found, but the court may, notwithstanding the verdict, find the facts the other way, upon an examination of the evidence in the case, and render a decree accordingly. Or the court may adopt a part of the facts as found by the verdict, and upon other points arrive at a different conclusion. And the same course may be taken by this court when the record is brought here. Garrett *v.* Stevenson, 3 Gilm. 278. Hence the necessity of sending up the whole evidence in a chancery suit, when any question is to be made as to the facts.

But waiving all this, we think the complainant has come too late with his bill to correct a mistake in this contract. He brought an action upon that contract, which he prosecuted to final judgment, not only in the circuit court, but in this court also. He declared upon the contract as it was written, and in the agreed case admitted, that the work was done under that contract, as declared upon in that action. There was a dispute about the construction of the contract, but none about its terms. He contended then with his witness, that the written contract provided the same rule for the measurement of the work which he now insists was the actual agreement of the parties, but

Sibert *v.* McAvoy.

which he now says was left out of the agreement by mistake, in drawing it up. In the construction of that agreement, the court disagreed with him, and rendered judgment against him upon the contract. The contract then was merged in the judgment, and as a contract, ceased to exist. The trial was upon the entire contract, and left no part of it open to future controversy or adjudication. There is, then, no contract left between the parties to be reformed and corrected. If there was a mistake in drawing up the contract, the party should have had it corrected before he called upon, or at least before he finally submitted it to the court for its adjudication. He had no right, first, to go to a court of law and there try the experiment to see whether he could not get such a construction adopted as would make it embrace all that he contended for, as constituting the agreement of the parties, and failing in that, go into equity to get that inserted in the contract, which he insisted was in it before. If he misconstrued the contract as written, that was a mistake of law and not of fact, and for such mistakes equity can grant no relief. It is where parties intended to insert words in a contract which were by accident omitted, that equity can reform the contract by inserting them, or by expunging words they did not intend to have inserted. If the words are written as the parties intended they should be written, or supposed they were written, when they signed the contract, no matter how much they may be mistaken as to the meaning of those words, no relief can be granted either at law or in equity. The construction of words is a matter of law. The insertion of words is a matter of fact. It is for mistakes of fact alone, that contracts may be reformed.

But whether this was a mistake of fact or of law, we are very clearly of opinion that the complainant comes too late to have the mistake corrected, and the corrected contract enforced. It had already been enforced, and that was the end of it.

The decree of the circuit court must be reversed, and the bill dismissed.

*Decree reversed.*