THOMAS GORDERE, Appellant, v. GEORGE S. DOWNING, Appellee.

### APPEAL FROM BUREAU.

Equity will not correct or reform a deed, where there is a mistake in law, as to the effect of the language used by the parties, in the absence of fraud, and where there is no mixture of oppressive abuse of confidence, or surprise in matters of fact.

THE facts of this case are presented in the opinion of the court. At April term, 1856, of the Bureau Circuit Court, it was decreed that Downing's deed to Gordere should be set aside and vacated, and that Downing convey to Gordere by a quit claim deed.

GLOVER and COOK, for Appellant.

O. C. GRAY, for Appellee.

SKINNER, J. This was a bill in equity to reform a deed for the conveyance of land, containing covenants of indefeasible title.

The evidence shows an agreement for sale of the land; that the complainant, the vendor, doubted his title and so advised the purchaser, the defendant; that the parties went to a justice of the peace for the purpose of execution and acknowledgment of the conveyance, and the complainant declined making a deed with the covenant of title, and directed the justice to prepare a quit claim deed for execution; that the justice took a printed form for a deed of general warranty, and filled it up, striking out the words "warrant and defend" and leaving language in the deed preceding these words, which amounts, in law, to a covenant of title *in fee;* that the justice then informed the parties that the deed so altered was the same in effect as a quit-claim deed; that both parties then read the deed over, expressed themselves satisfied with it, and the complainant executed and delivered it.

There is no ground of fraud in the bill or proofs, or of mistake of fact; but it plainly appears that the parties and the justice were mistaken in the legal effect of the deed.

Each party for himself read the deed and is presumed to have known the language it contained; but the legal effect of that language is different from what they understood it to be, or intended. They knew the facts, the parties to the deed, the consideration, the description of the land; they knew what words of covenant were stricken out of, and what remained in the deed; but they were mistaken in the law, in the legal consequence of retaining those words in the deed.

This was a mistake of law, in the legal effect of the language used and adopted by the parties, which, in the absence of fraud, and where there is no mixture of oppression, confidence abused, or surprise in matters of fact, equity will not relieve against. This rule is too well settled to admit of argument. Story's Eq. Jur. Secs. 113, 114 and 116 ; *Broadwell* v. *Broadwell,* 1 Gilm. R. 599 ; *Beebe* v. *Swartwout,* 3 ibid. 162; *Shafer* v. *Davis,* 13 Ill. R. 395 ; *Coffing* v. *Taylor,* 16 ibid. 459 ; *Ruffner* v. *McConnel,* 17 ibid. 212 ; *Hunt* v. *Rhodes,* 1 Peters' R. 1.

*Decree reversed.*