## Chicago & North-Western Railway Company v. John Joseph Kane, by his Next Friend, Katie J. Kane.

1. NEGLIGENCE—*Risks of Employment.*—When a person of an age capable of discretion and of appreciating the risks of the work he is engaged in, is injured by reason of his inattention to his surroundings, the law will not permit him to recover.

**Memorandum.**—Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, A. D. 1892, and affirmed. Opinion filed February 14, 1893.

The opinion of the court states the case.

C. S. DARROW, A. W. PULVER and W. C. GOUDY, attorneys for appellant.

CASE, HOGAN & CASE and F. A. MITCHELL, attorneys for appellee.

.OPINION OF THE COURT, GARY, P. J.

Such is the order of nature, that the thoughtlessness of a moment is often more severely punished than is the grossest moral delinquency.

Juries will permit their sympathy for misfortune to control their judgment, and the unpleasant duty is thrown upon the courts to set aside verdicts which violate principles of law in the interest of suffering victims.

The extraordinary argument is addressed to us in this case, that as the appellant vainly tried, by instructions, to induce the jury to obey the law, it "is now precluded from questioning the decision of the jury."

The appellee's own version of the accident, by which he suffered the loss of his right arm, is that when he was between nineteen and twenty years old, he had been employed for ten days by the appellant in picking up links and pins in the "yard" of the appellant, a place where there were

fifteen or twenty tracks, and where cars were being switched from one track to another, and going upon a track to pick up a pin, he was caught by a car which was sent loose upon the track. In switching in the yard no bells were rung or whistles blown, unless in case of danger seen.

It appeared that the tracks were substantially straight for a considerable distance, but not how near the appellee was to the switch by which the car came upon the track. The car moved at a speed of four or five miles an hour.

The manner of doing the work in the yard was the same, at the time the appellee was injured, that it had been during the previous ten days that he had worked there.

He was of an age capable of discretion, the risks of the work he could appreciate, and it is apparent that only his inattention to the surroundings was the cause that he was in a position to be caught by the moving car.

Under such circumstances the law will not permit a recovery. Working in a railway yard required of him constant watchfulness for his own safety. Chicago & North Western Ry. Co. v. Sweeney, 52 Ill. 325; Chicago & North Western Ry. Co. v. Donahue, 75 Ill. 106; Aerkfetz v. Humphreys, 145 U. S. 418.

The judgment must be reversed and the cause remanded.