FRANCES PURVINES *et al.*

*v.*

FRANCES A. HARRISON.

*Filed at Springfield, June 16, 1894.*

| 151 | 219 |
| 70a | 612 |
| 151 | 219 |
| 177 | 500 |
| 151 | 219 |
| 186 | [1]607 |
| 151 | 219 |
| 187 | [5]582 |
| 151 | 219 |
| f192 | [1]260 |
| 151 | 219 |
| 194 | [5] 51 |
| 151 | 219 |
| 203 | [5]490 |

1. MISTAKE—*in written instrument—when corrected.* To justify the reformation of a written instrument upon the ground of mistake, it is necessary, *first,* that the mistake should be one of fact and not of law; *second,* that the mistake should be proved by clear and convincing evidence; and *third,* that the mistake should be mutual and common to both parties to the instrument.

2. SAME—*mistake of law defined.* A mistake of law is an erroneous conclusion as to the legal effect of known facts, the construction of words being a matter of law. Where parties instruct a draftsman to prepare a quit-claim deed for their execution, but he draws a deed containing language which amounts in law to a covenant of title *in fee,* and they sign the deed, knowing that such language is in it, they will be held to have been mistaken in the law, that is to say, in the legal effect of the language used, and in the legal consequences of retaining such language in the deed.

3. SAME—*mistake of fact.* Mistake of fact has been defined to be a mistake not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in an unconscious ignorance or forgetfulness of a fact, past or present, material to the contract, or belief in the present existence of a thing material to the contract, which does not exist, or in the past existence of a thing which has not existed.

4. Where a woman employed a scrivener to draw a deed from her to her son, to convey to him a tract of land, with a reservation of a life estate in her, and it appeared that the conveyance was a gift, and that the mother reposed great confidence in the son, and that by inadvertence or mistake the words reserving a life estate were omitted, so as to convey the land absolutely in fee, and that the son in his life time, on discovery of the mistake, promised to correct the deed, it was held that a court of equity would reform the deed so as reserve to the grantor a life estate.

5. Where the relation of the parties is one of confidence, as that between mother and son, and the party executing the deed has a failing or weak mind, arising from suffering or old age, the same degree of vigilance and care is not expected or required as is required in the ordinary dealings of men with each other, to authorize the re-

formation of a deed. The burden of proof is upon the party alleging the mistake to show the mistake is mutual.

6. SAME—*how proven.* It is well settled, that parol proof may be received to show a mistake in a deed, or other written instrument. The mistake may be shown by the admissions of the party in whose favor it has been made.

WRIT OF ERROR to the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. CONKLING & GROUT, for the plaintiffs in error:

Where an act is sought to be avoided on the ground of mental incapacity on the part of one who did it, the burden of proof is on the party alleging the incapacity. Sanity is presumed. *Chicago W. D. Ry. Co.* v. *Mills,* 91 Ill. 39, *and cases cited; McCarty* v. *Kearnan,* 86 id. 291.

A person capable of understanding the ordinary affairs of life is *compos mentis. Baldwin* v. *Dunton,* 40 Ill. 188. *Burt* v. *Quisenberry,* 132 id. 385, *and cases cited.*

Evidence of a mistake must be clear, convincing and satisfactory, in order to change a writing. *Kuchenbeiser et al.* v. *Beckert et al.,* 41 Ill. 172; *Mills* v. *Lockwood,* 42 id. 111; *Hunter* v. *Bilyeu,* 30 id. 228; *Schwass* v. *Hershey,* 125 id. 653; *Palmer* v. *Converse,* 60 id. 313.

Equity will not correct a mistake of law. *Gordere* v. *Downing,* 18 Ill. 492; *Fowler* v. *Black,* 136 id. 363.

Mr. W. J. BUTLER and Messrs. CONNOLLY & MATHER, for the defendant in error:

Parol evidence is admissible in proceedings to reform a deed to show the intention of the parties. *McLennan* v. *Johnston,* 60 Ill. 306.

Was this a mistake of law? It certainly was not. A mistake of law is a misapprehension as to the *effect* of agreed conditions, *i. e.,* as to the legal consequences. *Gordere* v. *Downing,* 18 Ill. 492.

A mistake of fact is a misapprehension, not as to a result, but as to a condition. See: Pomeroy's Equity Jur.,

PURVINES *et al. v.* HARRISON. 221

Brief for the Defendant in Error.   Opinion of the Court.

vol. II, sec. 838, last half; American and English Enc., vol. 20, p. 714.

That the evidence of the mistake is clear and convincing, is a question of law, *i. e.,* a question neither susceptible of demonstration or illustration, but one of individual opinion, based upon previous experience. Comparison may, however, be made. Pomeroy's Eq. Jur., vol. II, sec. 862. p. 331, note 1; American and English Enc., vol. 15, p. 650, note 1.

That the evidence warrants a reformation of the deed, we refer the court to the case of *Day* v. *Day,* 84 N. C. 408.

The evidence shows, that grantor's debilitated state of mind was one which equity will excuse from that close attention to business transactions which it would be unable to overlook in a more energetic mind. For equity requires only in accordance with one's power, and never demands more than would be practical to perform. Also, equity demands less circumspection in transactions between persons so related. (See *Day* v. *Day, supra,* p. 411.) The solicitor for the defendant seems to labor under the mistake that the complainant is seeking redress on account of insanity; if this were so, it would furnish ground for an avoidance of the deed—not a reformation of it.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill filed on July 18, 1890, by the defendant in error, Frances A. Harrison, the mother of Peyton Asbury Purvines, deceased, by a former husband, against Frances Purvines, the minor daughter and only child of said Peyton Asbury Purvines, deceased; Samuel H. Claspill, the guardian of said minor; Alfred B. Purvines, the administrator of the said deceased; and Edward Wyatt, a tenant occupying the premises hereinafter referred to under a lease from the complainant in the bill. The bill is filed for the purpose of reforming a deed of about sixty acres of land, executed by

the defendant in error to her son, said Peyton A. Purvines, in his life time. The deed, sought to be reformed, bears date January 31, 1889, was acknowledged August 30, 1889, and recorded on September 2, 1889. It is a warranty deed, and conveys about sixty acres of land in Sangamon county to the grantee. The bill alleges, that it was the intention of the complainant and her deceased son to insert words in the deed reserving to her a life estate in the land; so that she could have the use of it and the rents from it as long as she lived, but that, by the mutual mistake of the parties to the deed, and by an oversight on the part of the scrivener who drew it, such reservation was unintentionally omitted from the deed. The prayer of the bill is, that the deed be reformed by inserting therein a reservation of the life estate to the grantor. A guardian *ad litem* was appointed for the minor, and answers, denying the allegations of the bill, were filed by said guardian and tenant, to which replications were filed. After proofs taken and hearing had, the Circuit Court rendered a decree finding the allegations of the bill to be true, and directed that the deed be reformed in the respect mentioned, and that such reformation take effect as of the date of the deed, and that the rents and profits of the land after that date should belong to the complainant.

Evidence was introduced showing, that an inquisition as to the insanity of the complainant was had in the County Court of said county, and a verdict of the jury was returned therein on January 25, 1892, finding her to be an insane person; and thereafter her insanity was suggested in the present suit, and one B. F. Irwin was appointed to prosecute the same as next friend. Application had been previously made to the court in March, 1890, for the appointment of a conservator for defendant in error as a distracted person, but, upon the trial of the issue whether she was a distracted person, verdict had been returned in her favor. Some evidence was introduced tending to show, that, when

she made the deed, her mind had begun to fail, and she showed signs of absentmindedness not theretofore noticeable in her.

Her son, Peyton A. Purvines, had been divorced from his wife before he died, and his habits up to the time of his death were those of a very intemperate man. There is no evidence, however, that he practiced any fraud upon his mother in order to obtain the deed. He lived with her at that time upon a farm of eighty acres owned by her, and the consideration as expressed in the deed is: "one dollar,. and natural love and affection." He died unmarried and intestate on February 22, 1890, leaving, as his only child and heir at law, the minor plaintiff in error, Frances Purvines.

After a careful examination of the evidence, we think that both parties executed the deed under a common or mutual mistake, and did what neither of them intended to do. (*Warrick* v. *Smith*, 137 Ill. 504.) To justify the reformation of a written instrument upon the ground of mistake, it is necessary, first, that the mistake should be one of fact and not of law; (*Sibert* v. *McAvoy*, 15 Ill. 106); second, that the mistake should be proved by clear and convincing evidence; (2 Pom. Eq. Jur., sec. 862); third, that the mistake should be mutual and common to both parties to the instrument. (*Sutherland* v. *Sutherland*, 69 Ill. 481.) A mistake of law is an erroneous conclusion as to the legal effect of known facts. (*Hurd* v. *Hall*, 12 Wis. 113.) The construction of words is a matter of law. (*Sibert* v. *McAvoy, supra.*) Where parties instructed an officer to prepare a quit-claim deed for their execution, but. he drew a deed containing language which amounted in law to a covenant of title *in fee*, and they signed the deed knowing that such language was in it, they were held to have been mistaken in the law, that is to say, in the legal effect of the language used, and in the legal consequences of retaining such language in the deed. (*Gordere* v. *Downing*, 18 Ill. 492.)

Mistake of fact has been defined to be a mistake, not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in an unconscious ignorance or forgetfulness of a fact past or present material to the contract, or belief in the present existence of a thing material to the contract which does not exist, or in the past existence of a thing which has not existed. (2 Pom. Eq. Jur., section 839.) It is manifest, that the mistake in the present case was one of fact, and not one of law, because it had reference to the accidental omission from the deed of words which were intended to be inserted therein, that is to say, words reserving to the grantor a life interest. In *Sibert* v. *McAvoy, supra,* we said: "It is where parties intended to insert words in a contract which were, by accident, omitted, that equity can reform the contract by inserting them. * * * The insertion of words is a matter of fact. It is for mistakes of fact alone, that contracts may be reformed." Nor can it be said in this case, that the mistake occurred on account of any want of reasonable diligence to ascertain the fact, or on account of any neglect, amounting to a violation of legal duty. (2 Pom. Eq. Jur., section 856.) Where the relation of the parties is one of confidence, such as that which existed here between mother and son, and where the party executing the contract has a failing or weak mind arising from suffering or old age, the same degree of vigilance and care is not expected or required, as is expected or required in the ordinary dealings of men with one another. (*Day* v. *Day,* 84 N. C. 408.) In *Day* v. *Day, supra,* a deaf and aged father made a deed to his son, in whom he reposed confidence, conveying a tract of land in fee, but omitting either by mistake or contrivance of the son under whose direction the deed was drawn, to reserve a life estate to the grantor; and it was held, that an equity arose in favor of the father to have such instrument reformed in accordance with the original intention of the parties.

Counsel for plaintiffs in error claim, that the evidence does not show want of mental capacity in the defendant in error, or want of capacity on her part to understand the ordinary affairs of life. This may be true. The proof shows merely a weakening of the mental powers growing out of domestic trouble, and grief for the recent deaths of her aged parents. This proof was not introduced for the purpose of showing such insanity as would avoid the deed; but, in a proceeding to reform the deed, it tended, in connection with the relations of the parties and other attending circumstances, to excuse any apparent want of care in examining the phraseology of the deed.

We think, that the proof of a mutual mistake was clear and convincing. The burden of proof was upon the complainant, but the defendants offered no testimony whatever to contradict her witnesses. Some time after the deed was executed, the deceased applied for a loan of money to be secured by mortgage upon his interest in the land. He then discovered for the first time, that his mother's life estate had not been reserved in the deed. There is abundant evidence, given by quite a number of witnesses, that he admitted the mistake, and stated that it was the intention and agreement to retain a life estate for her in the deed, and that he intended to correct the mistake. He died, however, without doing so. These declarations, made many times and challenged by no opposing evidence, were admissions against his own interest. It is well settled, that parol proof may be received to show a mistake in a written instrument. (*McLennan* v. *Johnston*, 60 Ill. 306.)

For the reasons here stated, and deeming it unnecessary to enter into a detailed discussion of the evidence, we think that the decree of the Circuit Court was correct, and it is, accordingly, affirmed.

*Decree affirmed.*

PHILLIPS, J., having heard this case in the Circuit Court, took no part here.