## Thomas Clark et al. v. Peter Murton.

1. Personal Injuries—*Want of Ordinary Care.*—Where a party by the exercise of ordinary care can ascertain and avoid a pending danger, or where he knows of the existence of danger, it is not only his duty to avoid such danger, but he is not in the exercise of ordinary care when he fails to do so.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed March 3, 1896.

SCHUYLER & KREMER, attorneys for appellants.

REMY & MANN, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee's own version of this case defeats him. He was a carpenter working for the appellants most of the time, in a second story in their shop, for twenty months.

Near his bench, during all the time, was an opening in the floor about two and a half by three feet, with a loose cover. Through that opening lumber was taken up several times each day, the appellee sometimes assisting, and sometimes himself removing the cover.

Anybody who wanted lumber up, removed the cover.

It had become customary to him to pay little attention to the opening.

The only account he could give of how he received the injury for which he sues, is that he did not know that the hole was open and he fell through.

No witness adds to that account anything more favorable to his case.

The shop was well lighted. It is clear that his injury is the result of his own inattention, thoughtlessness, heedlessness—whatever name may be given to that state of mind which doubtless comes to most people at times of temporary obliviousness to surroundings. Whether a boy in the shop who worked part of the time as a carpenter and part of the time as a laborer, was the one who removed the cover, and whether he called to the appellee to look out, are not matters material to the case. It is not what others did, but what the appellee did not do—that is, attend to his own safety—that prevents any recovery of damages. C. & N. W. Ry. v. Kane, 50 Ill. App. 100.

The judgment is reversed and the cause remanded.