G. WILSE TILTON, Plaintiff in Error, *vs.* FAIRMOUNT LODGE No. 590, A. F. AND A. M., Defendant in Error.

*Opinion filed April 21, 1910.*

1. MISTAKE—*equity cannot reform instrument for a mistake of law.* Where the terms of a written instrument are used by the parties deliberately and knowingly there can be no relief in equity by way of reforming the contract, even though the legal effect of the terms used is to produce an instrument different in its legal meaning from the one intended.

2. SAME—*when equity will not reform lease to make it convey fee.* Where a lodge agrees with the owner of a building to erect a second story thereon for a lodge room upon the understanding of both parties that the owner will convey the fee simple title to the second story to the lodge, but instead of a deed a ninety-nine year lease is entered into in the belief of both parties that their intention could be carried out legally in that way only, a court of equity cannot reform the lease so as to make it a conveyance of the fee simple title.

FARMER, C. J., and CARTWRIGHT, J., dissenting.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding.

O. M. JONES, and H. M. STEELY, for plaintiff in error.

REARICK & MEEKS, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is a bill filed by plaintiff in error, G. W. Tilton, against the defendant in error, Fairmount Lodge No. 590, A.F. and A.M., to reform a written instrument in the form of a lease. In the year 1883 plaintiff in error, who was the owner of a lot in the village of Fairmount, was about to repair a one-story frame store building situated thereon. The defendant in error, desiring at that time to secure a lodge room, entered into an agreement with plaintiff in error whereby it was allowed to construct a second story upon the plaintiff in error's store building, together with a stairway leading thereto. The cost of building this second story was to be borne by the lodge, and under the agreement the lodge was to become the owner thereof. No amount was agreed upon to be paid plaintiff in error for this right or privilege and nothing was, in fact, paid. Pursuant to this agreement the building was so constructed and the lodge paid the actual cost of the construction of the additional story and the stairway. When the parties to the agreement, being plaintiff in error and the trustees of the lodge, were ready to arrange for the necessary conveyance from plaintiff in error to the lodge, of the second story of the building, the question arose as to what kind of instrument was necessary to convey the property. One McAllister, a member of the building committee which had acted on behalf of the lodge, informed plaintiff in error and the trustees of the lodge that he had been advised that the only way in which the fee simple title to the second story could be conveyed to the defendant in error was by means of a ninety-nine year lease. An instrument in the form of a lease to the lodge for that term, of the second story of this building and the stairway leading thereto, was

executed by plaintiff in error and the trustees of the lodge, the consideration stated therein being the sum of $860, the amount of the actual cost of the second story and the stairway. The character of the instrument was discussed by the parties to it, and while it was the intention of every one concerned that the fee simple title to the second story of the building and the stairway was to be conveyed to the lodge, and it was their belief that this was done by the instrument executed, all the parties agreed to the form of the instrument as it was drawn, under the belief, and acting upon the advice of McAllister, that that was the only way in which the result desired could be accomplished. Under this lease the lodge entered into possession and control of the property described therein and thereafter kept the same in repair and insured against loss by fire and in all respects treated it as its absolute property until the year 1904, at which time the lodge, by its officers, for the first time asserted the claim that it was the duty of plaintiff in error, under the instrument in question as written, to maintain the entire building and keep the same in repair. The plaintiff in error refused to do this, whereupon he was served with notice to make certain repairs to the roof and chimney, and upon his failing to do this the same were made and paid for by defendant in error, which then instituted a suit in assumpsit in the circuit court, predicated upon the lease, for the recovery of the cost of the repairs. A demurrer was sustained to the declaration in this suit and judgment entered against the lodge in bar of the action. Upon appeal to the Appellate Court for the Third District that judgment was reversed and the cause remanded, with directions to the circuit court to overrule the demurrer. Upon a re-instatement of that cause plaintiff in error filed this bill, praying that the instrument in question be corrected and reformed and the further prosecution of the suit in assumpsit be perpetually enjoined, averring therein that the said written instrument failed to contain and set

forth the true agreement made between the parties; that
the true and real agreement was that the lodge was to be
the absolute owner of the upper story of said building dur-
ing the life of the same; that plaintiff in error was to be
the owner of the lower story and of the real estate, and
that under and by virtue of the true agreement entered into
between the parties it was the duty of the lodge to keep
the entire upper story in repair during the life of the build-
ing. The bill recites the institution and prosecution of the
suit in assumpsit, and charges that unless said instrument
be reformed and corrected as prayed for, the lodge will
recover therein. Defendant in error filed its answer, deny-
ing that any mistake was made in the execution of said
instrument, and averring that the instrument expressed the
contract as it was finally entered into between the parties.
The answer avers that plaintiff in error had full knowledge
of the contents of said instrument, had acted upon the same
and had relied upon it in said suit in assumpsit; that said
instrument was legal, valid and binding and expressed the
true contract between the parties with reference to the oc-
cupancy of the premises, and that plaintiff in error is now
estopped by *laches* and neglect from claiming that any mu-
tual mistake existed with reference to the same. The cause
was referred to a special master, who heard the evidence
and reported the same with his conclusions. The special
master found that the parties to the contract agreed upon
the form of the instrument as executed and that the in-
strument took the precise form which the parties intended
it should take; that at the time the contract was executed
both parties intended that the fee to the second story should
pass, but both parties were mistaken as to the legal effect
of the instrument executed; that both parties agreed to a
lease for ninety-nine years under the mutual mistaken idea
that this ninety-nine year lease amounted, in law, to a deed,
and that this mistaken idea was a misapprehension of the
law, against which equity can afford no relief, and recom-

mended that the bill be dismissed for want of equity. The plaintiff in error filed exceptions to the master's report, and upon a hearing by the court the exceptions were sustained and a decree was entered granting the relief prayed by the bill. From this decree the lodge prosecuted an appeal to the Appellate Court for the Third District, where the decree of the circuit court was reversed. The record of the Appellate Court is now brought to this court for review by writ of *certiorari*.

The proof shows clearly that the parties to this instrument intended at the time the agreement was made between them whereby the lodge was permitted to build a second story upon the building of plaintiff in error, that the fee simple title to such second story should be conveyed to the lodge, and it is also clear that the parties executed this instrument believing that under its terms that intention was being carried into effect. In drafting the instrument in the form of a ninety-nine year lease instead of a deed they acted upon the advice of McAllister, who informed them that inasmuch as the property intended to be conveyed did not touch the ground it could not be conveyed by deed but the fee simple title would pass under a ninety-nine year lease, and that that was the only way it could be legally conveyed. By its decree the circuit court found that the failure to convey the fee and the entering into of the ninety-nine year lease was partly a mistake of fact and partly a mistake of law, and was in both respects the mutual mistake of the parties. We are unable, from the facts presented, to agree with this finding. The parties cannot be said to have been mutually mistaken as to any question of fact. They each understood fully what language was to be contained in the instrument. It is true, the legal effect of that language is different from what they understood it to be or from what they intended. This cannot be said, in any sense, to be a mistake of fact. It was a mistake of law as to the legal effect of the language used and

adopted by the parties and is not such a mistake as equity will relieve against. The general rule is that a mistake of law, pure and simple, is not adequate ground for relief. (Pomeroy's Eq. Jur.—3d ed.—sec. 842.) "If the words are written as the parties intended they should be written or supposed they were written when they signed the contract, no matter how much they may be mistaken as to the meaning of those words, no relief can be granted, either at law or in equity. The construction of words is a matter of law; the insertion of words is a matter of fact. It is for mistakes of fact, alone, that contracts may be reformed." (*Sibert* v. *McAvoy,* 15 Ill. 106; *Atherton* v. *Roche,* 192 id. 252.) Where the terms of the written instrument were used deliberately and knowingly by the parties, even though under a misapprehension of their legal effect, there can be no relief and no reformation of the contract. (*Broadwell* v. *Broadwell,* 1 Gilm. 599; *Wood* v. *Price,* 46 Ill. 435; *Fowler* v. *Black,* 136 id. 363.) The parties agreed upon the language to be used. Each word employed in the context of the instrument was deliberately selected. None were inserted inadvertently or by mistake. The only mistake shown was that the parties, by the language employed, produced an instrument entirely different in its legal effect and meaning from that intended. The mistake was one of law, only, and not of fact. The circuit court erred in sustaining the exceptions to the findings of the special master and in not dismissing the bill for want of equity.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

FARMER, C. J., and CARTWRIGHT, J., dissenting.