## Peter Baker et al., Appellees, v. Charles I. Pierce, Appellant.

1. EQUITY, § 285*—*when allegations and proof must correspond.* In equity pleading, the allegations of the bill, the evidence and the decree must correspond.

2. REFORMATION OF INSTRUMENTS, § 47*—*when evidence sufficient to show award complies with intent of arbitrators.* In a bill to reform and correct the award of arbitrators and alleging that owing to a mistake of the scrivener the award did not express the true intent of the arbitrators, evidence *held* to show that the award correctly expressed the intent of the arbitrators.

3. ARBITRATION AND AWARD, § 75*—*when equity will not relieve against error of law.* No relief can be granted in equity for a mistake of law by arbitrators in misunderstanding the legal scope and effect of an award made by such arbitrators.

4. REFORMATION OF INSTRUMENTS, § 11*—*what does not constitute mutual mistake.* The execution of a written instrument representing the intention and understanding of the parties at the time of execution, with full knowledge of the facts, will negative a claim of mutual mistake and will operate to defeat a bill to reform on that ground, it being not a question of what parties would have intended had they been better informed, but of what they intended as they were informed.

5. REFORMATION OF INSTRUMENTS, § 12*—*what necessary to reform instrument on ground of mistake.* In order to justify the reformation of a written instrument on the ground of mistake it is necessary, first, that the mistake be of fact and not of law; second, that the mistake be proved by clear and convincing evidence; and third, that the mistake be mutual and common to both parties.

6. WORDS AND PHRASES, —*mistake of law.* A mistake of law is an erroneous conclusion as to the legal effect of known facts.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Baker v. Pierce, 197 Ill. App. 158.

7. CONTRACTS, § 205*—*when construction of for court.* The construction of words in an instrument is a matter of law.

8. EQUITY, § 18*—*when parties not relieved because of mistake of law.* If the words of an instrument are written as intended by the parties, or as they supposed the words were written, when executing the instrument, no relief can be had either at law or in equity, no matter how much the parties may have mistaken the legal effect of the words used.

9. CONTRACTS, § 205*—*when insertion of words for jury.* The insertion of words in a written instrument is a question of fact.

10. REFORMATION OF INSTRUMENTS, § 11*—*when written instrument may be reformed.* A written instrument can be reformed only for mistakes of fact.

11. REFORMATION OF INSTRUMENTS, § 2*—*applicability of rules to awards of arbitrators.* The rules applicable to the reformation of written instruments apply to the awards of arbitrators.

12. ARBITRATION AND AWARD, § 52*—*what is nature of award.* The awards of arbitrators partake of the character of the findings and judgment of a court, the parties to the arbitration in effect agreeing to submit their case to the arbitrators both on the facts and on the law.

13. ARBITRATION AND AWARD, § 53*—*when finding and award of arbitrators conclusive.* There is no appeal from the finding and award of arbitrators if the proceedings before them are regular.

14. ARBITRATION AND AWARD, § 50*—*when awards may not be corrected.* Awards made by arbitrators cannot be corrected for errors of law.

15. ARBITRATION AND AWARD, § 64*—*when party to arbitration agreement estopped to claim invalidity of agreement.* In a bill to reform the award of arbitrators on the ground of mistake, where it appeared that some of the parties to the arbitration did not sign the agreement to submit the cause to the arbitrators, *held* that defendant was estopped to claim that the agreement was void on that ground, it appearing that defendant stipulated at the hearing that if such other parties were present they would testify that they had authorized complainant to enter into the agreement on their behalf.

16. ARBITRATION AND AWARD, § 36*—*when award void.* An award of arbitrators which is not as broad as the submission is void.

17. ARBITRATION AND AWARD, § 51*—*when decree reforming award erroneous.* In a bill to reform an award of arbitrators on the ground of mistake, where the evidence showed that the award sought to be reformed was as intended by the arbitrators, a decree reforming the award *held* erroneous.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Saline county; the Hon. WILL-
IAM N. BUTLER, Judge, presiding. Heard in this court at the March
term, 1915. Reversed and remanded with directions. Opinion filed
December 1, 1915.

WARREN NICHOLS and WHITLEY & COMBE, for appel-
lant.

CLARK & HUTTON and W. F. SCOTT, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court.

This was an action brought by Peter Baker, Charles
Baker and W. A. Grant, appellees, complainants be-
low, against Charles I. Pierce, appellant, defendant
below, by bill in chancery to reform an award of ar-
bitration.

A difference had arisen, it seems, between appellees
and appellant in relation to certain option contracts.
On or about the 21st day of March, 1913, a contract
was entered into signed by W. A. Grant, one of said
appellees, who purported to act also for said Peter
Baker and Charles Baker, and by appellant for the
submission of said differences to arbitration. The ar-
bitrators were selected and on May 26, 1913, made
their award, the terms of which are as follows: "We,
the undersigned commissioners appointed by C. I.
Pierce and W. A. Grant, as a board of arbitration to
adjust the differences set forth in the agreement here-
to attached, after hearing all the evidence and examin-
ing the exhibits, is of the opinion that C. I. Pierce alone
is responsible, in that he did not carry out the pro-
visions of the contract entered into with W. A. Grant,
therefore, we do hereby award to W. A. Grant the sum
of Five Thousand Five Hundred Dollars as a just and
equitable sum in full settlement of all things submitted
to the board under the said agreement.

"Said sum of Five Thousand Five Hundred Dollars
to be paid to W. A. Grant by C. I. Pierce within ten
days from the date hereof.

"Dated at Harrisburg, Illinois, this 26th day of May, 1913.

Wm. Johnson,
Jno. B. Lee,
A. W. Lewis."

As will be seen, nothing was said in the award in relation to the Bakers, but the award ran in the name of appellee W. A. Grant alone. It is the contention of appellees that said award, while made in the name of appellee W. A. Grant, was intended as an award to all of appellees, and that such award should be so corrected as to carry out such intention. The bill filed by appellees set out said agreement for a submission to arbitration and the award of said arbitrators and alleged that said award so made by said arbitrators did not, on account of an error of the scrivener, correctly set forth their findings and prayed that the same be corrected and reformed.

The answer of appellant denied the right of appellees to have said award reformed and averred that said award correctly set forth the findings of said arbitrators. The evidence was taken by a special master and reported to the court and on hearing the trial court found the issues for appellees, complainants below, and a decree was entered reforming and correcting said award as prayed. From said decree this appeal is prosecuted.

Appellees in their bill of complaint base their right to relief on the ground that the scrivener who prepared the draft of said award, by mistake, failed to express the true intention of said arbitrators. The allegations of the bill are that the award "as prepared by the scrivener on account of said mistake did not express the true intention of the arbitrators," and the bill prays "that said error or mistake may be corrected and the said writing reformed so as to truly express and describe the intention of said arbitrators."

It is a fundamental rule of equity pleading that the allegations of a bill, the proof and decree must cor-

respond. In other words, relief can only be granted on a sufficient bill supported by competent evidence. *McKay v. Bissett,* 10 Ill. (5 Gilm.) 499; *Morgan v. Smith,* 11 Ill. 194; *Russell v. Conners,* 140 Ill. 660; *Leahy v. Nolan,* 261 Ill. 219.

In the latter case the court in its opinion says: "It is the rule of courts of equity that allegations and proofs must correspond, and in order to grant the relief prayed for in a bill the court must be able to find that the facts alleged therein are true."

Do the evidence, facts and circumstances in the case support the allegations of appellees' bill, and the decree of the trial court? The only witnesses who testify in regard to the award and its contents are the three arbitrators, and it is impossible for us after a careful reading and consideration of their testimony to see how it in any way goes in support of the allegations of appellees' bill. Instead of the testimony of said arbitrators tending to show that the award did not contain the terms and conditions agreed on and determined by them, it shows exactly to the contrary, and that the arbitrators and each of them fully knew and understood its terms and conditions and carefully read and considered the same before signing. John B. Lee, the arbitrator selected by W. A. Grant, says, in answer to the question, "You may examine the paper I show you marked Complainants' Exhibit 'A' (the award) and state whether or not that was the finding as reduced to writing? 'Yes, sir, the agreed finding of the Board.'

"Q. In whose favor was it the intention of the Board to find? In favor of what individual? 'A.' It was the intention to find in favor of Mr. Grant, Mr. W. A. Grant."

On cross-examination, the same witness said: "Q. Who prepared this document here marked Complainants' exhibit 'A.' who prepared that? A. Judge Lewis, Will Johnson and myself.

"Q. Was it penciled out before you signed it? A. Yes, sir.

"Q. And thoroughly discussed? A. Yes, sir, that is my understanding?

"Q. Didn't this writing express every intention you had in that regard? A. Every bit of it as far as I know.

"Q. And you agreed on every word and character and syllable in this exhibit? A. We changed it, one of us I think, possibly all of us had something to say about the change and afterward agreed on the drafted copy.

"Q. And you went in the front room and wrote it as you agreed on? A. Yes, sir.

"Q. And this expresses the intention of the three of you don't it? A. I think so.

"Q. There is no mistake about any part of it as far as your intention at the time is concerned? A. I don't think there is any mistake about it, we wrote it just as we intended to write it.

"Q. Did you read it before you signed it? A. Yes, sir."

William Johnson, the arbitrator selected by appellant Charles I. Pierce, says, in answer to the question, "So far as this writing is concerned this Exhibit 'A' signed by you and Mr. Lee and Judge Lewis, is there any mistake about that in any way? A. No, no mistake.

"Q. Expressed it just exactly as you intended it? A. Yes, sir, the document is brief and that was one thing we had in mind, not to make our allotment too long and convey the meaning we wanted it to convey.

"Q. It does convey the meaning you intended it to convey does it not? A. Yes, sir."

Judge Lewis testified, in answer to the question, "I will ask you if at the time you signed it (the award) you understood its contents? A. I understood the words. I can't say I understood the legal construction of it, I thought I did.

"Q. You knew exactly what it said at the time you signed it? A. I knew the words in it."

A great many more questions of a similar character were asked said witness to which similar answers were given. From this testimony it clearly appears that each and all of the said arbitrators knew and fully understood the terms and conditions of said award. The most that can be said is that they may not all have understood its legal scope and effect. In other words, there may have been an error of law made by said arbitrators, but certainly not an error or mistake of fact.

The bill charges an error or mistake of fact in the drafting of said award, but does not charge an error or mistake of law on the part of said arbitrators, but if it had, the allegation would not have been good, as no relief can be granted in equity therefor.

The rule as laid down in Cyc., vol. 34, at page 947, is as follows. "Where an instrument is executed according to the intention and understanding of the parties at the time of execution, and with full knowledge of the facts, such knowledge and execution will operate to defeat an action to reform in that it negatives mutual mistake. It is not what the parties would have intended if they had known better, but what did they intend at the time, informed as they were."

The Supreme Court of the State in passing on this question in the case of *Purvines v. Harrison*, 151 Ill., page 223 says: "To justify the reformation of a written instrument upon the ground of mistake, it is necessary, first, that the mistake should be one of fact and not of law (*Sibert v. McAvoy*, 15 Ill. 106); second, that the mistake should be proved by clear and convincing evidence (2 Pom. Eq. Jur., sec. 682); third, that the mistake should be mutual and common to both parties to the instrument. (*Sutherland v. Sutherland*, 69 Ill. 481.) A mistake of law is an erroneous conclusion as to the legal effect of known facts. (*Hurd v. Hall*, 12

Wis. 113.) The construction of words is a matter of law. (*Sibert v. McAvoy, supra.*) Where parties instructed an officer to prepare a quitclaim deed for their execution, but he drew a deed containing language which amounted in law to a covenant of title in fee, and they signed the deed knowing that such language was in it, they were held to have been mistaken in the law, that is to say, in the legal effect of the language used and in the legal consequences of retaining such language in the deed. (*Gordere v. Downing,* 18 Ill. 492.)''

In *Seymour v. Bowles,* 172 Ill. 521, on page 524, the court uses this language: "The allegation in the bill that in drafting the deed the word 'heirs' was mistakenly used for 'children' presents no case for the correction of a mistake on reformation of the deed. The alleged mistake is one of law, and cannot be corrected."

In *Sibert v. McAvoy,* 15 Ill. 106, our Supreme Court says: "If the words are written as the parties intended they should be written, or supposed they were written, when they signed the contract, no matter how much they may be mistaken as to the meaning of those words, no relief can be granted, either at law or in equity. The construction of words is a matter of law. The insertion of words is a matter of fact. It is for mistakes of fact, alone, that contracts may be reformed." To the same effect is *Wood v. Price,* 46 Ill. 439, and *Bonney v. Stoughton,* 122 Ill. 536.

While these cases are cases where the Supreme Court had under consideration contracts, or instruments of that character, still we think the same rules as there laid down should apply to awards of arbitrators.

Awards of this kind partake of the character of the finding and judgment of a court. The parties in effect submit to the arbitrators their case both as to the facts and the law, and if the proceedings of the arbitrators are regular there is no appeal from their finding and award. This being true, it could hardly be contended

that an award could any more be reformed and corrected for errors of law made by the arbitrators than that a decree of a court of equity could be reformed after the term had closed, because the chancellor who rendered the same did so under a misapprehension of its legal effect and meaning.

Appellant also urges as a reason why this cause should be reversed, that the agreement to submit to arbitrators is void because it was not signed by the Bakers, but we are inclined to hold that he is estopped from urging this objection on account of the stipulation made on the hearing, to the effect that if the Bakers were present they would testify that they authorized W. A. Grant to enter into said agreement on their behalf.

It is also urged by appellant that the award made by the arbitrators is void because it does not dispose of all matters of difference submitted to them by said agreement. In other words, that the award is not as broad as the submission. If this be true, then under the holdings of the Supreme and Appellate Courts of this State it would be void. *Taylor v. Scott, Foresman & Co.*, 178 Ill. App. 487; *Alfred v. Kankakee & S. W. R. Co.*, 92 Ill. 609.

In view, however, of what we have said, it is not necessary for us to pass on this point, and inasmuch as the record discloses that suit was instituted on said award we do not think we should express any opinion touching its validity.

For the reasons assigned we think the trial court erred in rendering a decree reforming said award. The judgment must, therefore, be reversed and the cause remanded with direction to dismiss said bill for want of equity.

*Reversed and remanded with directions.*