(No. 11257.—Decree affirmed.)
MARGARET McGINNIS *et al.* Defendants in Error, *vs.*
THOMAS C. BOYD, Plaintiff in Error.

*Opinion filed June 21, 1917.*

DEEDS—*a deed may be reformed to correct mutual mistake—injunction.* A deed may be reformed upon the ground of mistake if the mistake is one of fact, mutual and common to both parties to the instrument, and is proved by clear and convincing evidence; and where proof of the mistake is clear, a suit in ejectment to enforce the deed according to its terms will be perpetually enjoined.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding.

RANKIN, HOWARD & DONNELLY, for plaintiff in error.

KELLY, BURNS, DALY & FITZGERALD, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a bill in chancery filed by James McGinnis, deceased, to enjoin the prosecution of an ejectment suit then pending, in which plaintiff in error was plaintiff and McGinnis was defendant.

The facts and circumstances giving rise to this litigation are as follows: In August, 1892, plaintiff in error, Thomas C. Boyd, sold to James McGinnis, deceased, who was the father of defendants in error, property situated at 4220 Evans avenue, in Chicago, the consideration being $3750. The deed was dated August 4, 1892, and the premises conveyed were described as follows: "The north half (N. ½) of lot ten (10), in Evans, Meredith, Peck & Johnston's subdivision of lots nine (9) to sixteen (16), inclusive, in Margaret Johnston's subdivision of the south half (S. ½) of the southeast quarter (S. E. ¼) of the northeast quarter (N. E. ¼) of section three (3), township thirty-eight

(38), north, range fourteen (14), east of the third principal meridian, with all buildings and improvements thereon." Prior to the execution of the deed in controversy, August 4, 1892, Boyd owned the whole of said lot 10, which faces east on Evans avenue, is 49 feet wide and 126 feet deep, and is occupied by two frame buildings, one on the north and the other on the south part of the lot. Seventeen years after the execution of the deed from Boyd to McGinnis the owner of the property adjoining the south side of lot 10 commenced an ejectment suit against Boyd, claiming that the building on the south part of lot 10, owned by Boyd, extended beyond the south line of said lot. Boyd procured a survey to be made, which showed that McGinnis' building on the north part of lot 10 extended over the line between the north and south halves of said lot three feet and two inches at the southwest corner and two feet and eight and one-quarter inches at the southeast corner. Some time afterwards Boyd brought suit in ejectment against McGinnis to recover that part of the south half of lot 10 occupied by McGinnis' building. Thereupon McGinnis filed a bill in chancery to enjoin the prosecution of the ejectment suit by Boyd and to reform the deed. The bill alleged, in substance, that McGinnis bought, and Boyd intended to convey to him, the land occupied by the north building on said lot 10; that they both believed the deed executed by Boyd contained a correct description of the land on which the building stood; that McGinnis entered into possession of the premises immediately after purchasing the same, and has continued in possession ever since under the belief of both the grantor and grantee that the deed correctly described the premises occupied by the building; that Boyd still owns the south part of the lot not occupied by the north building, and seeks to recover by the action of ejectment that portion of the south half of said lot occupied by the building on the north part of the lot which was conveyed to McGinnis. Boyd answered the bill, denying that there

was any mistake in the description in the deed. The answer averred that he owned the whole of lot 10 prior to the conveyance to McGinnis, that he sold said McGinnis the north half of the lot and nothing more, and that it was never intended by either of the parties that Boyd should convey or McGinnis receive any other land than the north half of said lot 10. The cause was referred to a master, who took the testimony and reported the same, together with his conclusions of law and fact. The master found from the testimony that there was a mistake of fact in the minds of both parties to the deed at the time it was executed; that it was a mutual mistake; that McGinnis intended to purchase, and understood he was purchasing, that part of lot 10 upon which the building stood and which was known as 4220 Evans avenue, and that Boyd intended to convey, and understood he was conveying, all that part of said premises to McGinnis; that both of said parties understood and believed that the south wall of the building was on the line between the north and south halves of said lot 10. The master recommended that Boyd be enjoined from further prosecuting his ejectment suit against McGinnis, and that he be decreed to execute to said McGinnis a conveyance of that part of the south half of lot 10 occupied by the building and not embraced in the description in the deed. The court overruled exceptions to the master's report and entered a decree in conformity with the recommendations of the master and the prayer of the bill. Boyd has brought the case to this court for review by writ of error.

Plaintiff in error and James McGinnis, the grantee in the deed, were the only witnesses who testified on the merits of the case before the master. After their testimony was taken, and before final decree, McGinnis died, and his heirs were substituted as parties complainant in the bill. The negotiations for the purchase of the property by McGinnis were conducted by his son, James McGinnis, Jr. James McGinnis, Sr., testified that at the time the purchase

price ($3750) was paid for the property he inquired of plaintiff in error how much of the property extended over on the south side of the lot, and that plaintiff in error said none of it extended over and that the building was on the line. Plaintiff in error denied having any such conversation with McGinnis but admitted that when he sold the building and north half of the lot he did not know any part of the building was on the south half of said lot, and did not learn that it was partly on the south half until seventeen years later, when the owner of the lot adjoining lot 10 on the south brought an ejectment suit against him, when he had caused to be made a survey of the property. /

The law is well settled that a deed or other written instrument may be reformed upon the ground of mistake if the mistake is one of fact, mutual and common to both parties to the instrument, and such mistake is proved by clear and convincing evidence. (*Purvines* v. *Harrison,* 151 Ill. 219; *Kelly* v. *Galbraith,* 186 id. 593; *Bradshaw* v. *Atkins,* 110 id. 323; *Koch* v. *Streuter,* 218 id. 546.) We think it is evident from the testimony that what McGinnis desired to purchase from plaintiff in error, what he thought he was buying and what plaintiff in error intended to sell and thought he was selling, was that part of lot 10 upon which the building stood. Plaintiff in error understood the building did not extend over on the south half of the lot. He admits this, and for seventeen years he raised no question as to McGinnis' title to all the property occupied by the building. It is a fair inference that McGinnis would not have bought a part of the property, only, upon which the building stood which he desired to occupy and has occupied ever since the deed was made. Plaintiff in error must have known this, and whether he or McGinnis was correct in his testimony as to the conversation about the building being on the line between the north and south halves of the lot, plaintiff in error does not deny, but admits, that he thought it was on the line, and it must follow

that he intended to sell, and understood that he was selling, the property to the line occupied by the building. This would justify the reformation of the deed to correspond with the intention of the parties at the time the deed was made and perpetually enjoining the prosecution of the suit in ejectment. *Catholic Bishop of Chicago* v. *Chiniquy*, 74 Ill. 317; *County of Cook* v. *City of Chicago* 158 id. 524.

The decree of the superior court is affirmed.

*Decree affirmed.*