## Oscar Metz and Bertha Metz, Appellees, v. Oscar Brodfuehrer and Henrietta Newton, Appellants.

### Gen. No. 22,132.   (Not to be reported in full.)

Interlocutory appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court. Affirmed. Opinion filed April 12, 1916.

### Statement of the Case.

Bill by Oscar Metz and Bertha Metz, complainants, against Oscar Brodfuehrer and Henrietta Newton, defendants, to remove clouds and for an accounting. From an order denying a motion to dissolve a preliminary injunction, heard on the face of the verified amended bill, defendants appeal.

The bill alleged that complainants, on January 8, 1913, purchased property known as 2161 Leland avenue, Chicago, and paid for the same; that the property is improved with a two-story brick building; that the complainant, Oscar Metz, in 1907, employed the defendant, Oscar Brodfuehrer, as his agent to look after some real estate matters; that the complainants from time to time purchased different parcels of real estate and were represented in said transactions by said Brodfuehrer; that the latter continued to act in said capacity from 1907 until the filing of the bill in this case; that since the purchase of the Leland avenue property the same has been occupied by tenants; that the defendant Brodfuehrer as agent for the complainants has collected the rents from such tenants; that the defendants conspired to cheat and defraud the complainants out of said property and in furtherance of said conspiracy, on or about the 11th day of September, 1913, forged the complainants' names to a trust deed to said premises, purporting to secure an indebtedness of $1,000; that the said trust deed is a

forgery and should be removed as a cloud; that afterwards, on or about April 25, 1914, the defendants in furtherance of said conspiracy to cheat and defraud the complainants out of said property forged the complainants' names to a warranty deed conveying the Leland avenue property; that said deed was filed for record in the recorder's office, Cook county, Illinois, on August 10, 1915; that the recorder of Cook county is about to deliver said warranty deed to the defendants; that the only way that complainants can show that said warranty deed is a forgery is by producing the original in court; that from 1907 to the time of the filing of the bill the defendant Brodfuehrer collected rents for the complainants derived from several different parcels of real estate in Chicago and has failed to properly account for the same. The bill prays for an accounting; that the trust deed and warranty deed be removed as clouds; that the recorder be enjoined from delivering the warranty deed, and that the defendants be enjoined from attempting to exercise any acts of ownership over the property, etc., and for general relief.

The defendants contended that this being a bill to remove clouds, and the premises in question being improved, an allegation that the complainants are in possession was essential, and that the bill as amended contained no such allegation, and was therefore fatally defective.

They also contended that to warrant an injunction on the face of a bill it must be verified, and that the verification to the amendments to the bill was insufficient. The affidavit was as follows: "Oscar Metz being sworn states upon oath he has heard read the above and foregoing amendment and knows the contents thereof and that the statements therein made by him and complainants are true and he subscribed his name to the same." The objections urged to this were that this affidavit which appeared at the foot of the docu-

ment, consisting of eleven different amendments to the bill, referred to but one amendment, and therefore it was impossible to determine to which amendment affiant referred; that the word "statements" as used in the affidavit was ambiguous and that no distinction was made between matters stated positively and those upon information and belief.

ROMAN G. LEWIS, for appellants.

A. L. WILLIAMS, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. INJUNCTION, § 269*—*when motion to dissolve treated as demurrer.* When a motion to dissolve a preliminary injunction comes on for hearing on the face of a verified amended bill, it must be treated as a demurrer to the amended bill and the case decided upon the face of the same.

2. EQUITY, § 242*—*what proper practice on filing amendments to bill.* Where, after a bill is filed, complainants, by leave of court, make a number of amendments, the better practice is to require that an engrossed bill be filed.

3. QUIETING TITLE, § 61*—*when allegation of possession essential in bill.* On a bill to remove clouds, where the premises are improved, an allegation that plaintiffs are in possession is essential.

4. QUIETING TITLE, § 61*—*when allegation as to possession sufficient.* On a bill to remove clouds, allegations of bill examined and *held* to aver that complainants were in possession.

5. EQUITY, § 271*—*when verification of amendment to bill sufficient.* An affidavit to the amendments to a bill to remove clouds affixed at the foot of the single document containing the amendments, which recites that one of the complainants "being sworn states upon oath he has read the above and foregoing amendment and knows the contents thereof and that the statements therein made by him and complainants are true and he subscribed his name to the same," is sufficient.

6. QUIETING TITLE, § 75*—*when order impounding rents with clerk of court not equivalent to appointment of receiver.* On a bill

*See *Illinois Notes Digest,* Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to remove a cloud, where the allegations of ownership in fee of the property by complainants and that they are entitled to the rent therefrom are on the record admitted to be true, an order impounding the rents with the clerk of the court until the final disposition of the cause is not equivalent to the appointment of a receiver, requiring complainants to give bond.

7. QUIETING TITLE, § 75*—*when order impounding rents with clerk not injurious to defendant.* On a bill to remove clouds, where the bill avers that complainants are owners in fee simple of the property; that they are in possession and entitled to the rents derived from the same, and on the record such allegations are admitted to be true, no injury is done defendants by an order impounding the rents with the clerk of the court until the final disposition of the cause, especially where no objection was made to the impounding of the rents.