cases. It is also urged that this change was improper under the pleadings. The bill stated that complainant was uncertain whether he was entitled to recover for the materials furnished by the Evans Company while he had charge of the work, or whether the Evans Company should recover that in its own name. We are required to assume that the evidence justified the action of the court. It does not harm appellants, for it must be immaterial to them whether the sum in question is paid to the Evans Company or to Rubendall for it. The Evans Company has not assigned any cross error on this action and it is bound by this decree. We find no reversible error in the record and the decree is therefore affirmed.

*Affirmed.*

## Mary Virginia Marcy, Executrix, Appellant, v. Milton S. Marcy, Appellee.

### Gen. No. 6,180.   (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded with directions. Opinion filed April 14, 1916.

### Statement of the Case.

Bill in equity for an accounting filed by Mary Virginia Marcy, executrix under the last will and testament of Walter E. Marcy, deceased, complainant, against Milton S. Marcy, defendant. From a decree against her, the complainant appeals.

R. Sumner Marcy died in New Jersey on March 5, 1894, owning real and personal estate in New Jersey,

and leaving a last will which was duly admitted to probate. By his will he gave his widow, Mary S. Marcy, his personal property and the use of his real estate so long as she remained his widow, but authorized his executors in their discretion to sell his real estate during her lifetime and invest the proceeds and pay the income therefrom to his widow, and directed that at her remarriage or death the executors should sell said real estate. The will gave legacies of $100 each to his son, Milton S. Marcy, to his daughter, Hetty O. Miller, and to his grandson, Sumner M. Miller, and his granddaughter, Anna Miller, said legacies to the grandchildren to be paid to them at the age of eighteen years, which they have long since reached. The residue of his estate was given to his son, Walter E. Marcy, and his daughter, Lucy E. Marcy, both of whom were blind from birth; and said residuary clause contained certain provisions if either or both of them should die without lawful issue. The will nominated Mary S. Marcy and Milton S. Marcy as executors, but they declined to qualify and an administrator with the will annexed administered the estate. The widow never remarried and she died on January 27, 1907. During her lifetime the administrator and each of the beneficiaries joined in a deed, conveying certain real estate left by the deceased for $3,639.47. By consent of all the beneficiaries under the will, $639.47 of the consideration for which said real estate was sold was paid to the widow to be used by her as she saw fit, and the remaining $3,000 was placed in the hands of Milton S. Marcy for investment, and he was to pay over the income and distribute the principal in accordance with the will of the testator. Under this arrangement the four legacies of $100 each were not paid, and the interest on said $3,000 was divided equally from time to time between Walter and Lucy. Afterwards Walter conveyed to Lucy whatever interest he had in another piece of real estate left by the testator, and in payment

therefor Lucy directed Milton to transfer $800 of her share of said fund to Walter's part of said fund, and thereafter Milton paid the interest on $2,300 to Walter and on $700 to Lucy. On February 15, 1912, Walter died without issue and left a will which was duly probated, whereby he gave all his property to his widow, Mary Virginia Marcy, and made her executrix of his will. She claimed that at his death Walter owned $2,300 of said fund in the hands of Milton, and demanded it of Milton, and Milton refused to pay it. Thereupon as executrix and in her own right she filed a bill in equity against Milton S. Marcy in the Circuit Court of Peoria county, where Milton resided, for an accounting of the investment of said $2,300 for the payment to her of the principal thereof and interest thereon since the death of Walter. In said bill, she claimed that the expression ''die without lawful issue'' in the residuary clause of the will of R. Sumner Marcy meant die without issue before the expiration of the life estate granted to the widow, and that when Mary S. Marcy died while Walter was still living, he then became the absolute owner of said $1,500 and of said $800, and she therefore was entitled to the same under the will of Walter. Milton answered, claiming that under a true construction of said residuary clause, it meant ''die at any time without lawful issue''; that when Walter died without issue, the whole income passed to Lucy during her lifetime; and that when she died, if without issue, then by virtue of certain other language in said residuary clause, making provision for the death of both Walter and Lucy without lawful issue, the fund would first go to pay said four legacies of $100 each and the rest to Milton S. Marcy and Hetty O. Miller, or to the survivor of them if only one was then living. Under an order of reference the master took the proofs and reported that Milton should pay from said fund the costs and the four legacies of $100 each, and should divide the residue into two equal

parts, and should pay complainant one-half thereof and $800 from the other half, and should pay the balance to Lucy. The court sustained some and overruled other exceptions to said report, and held that all the funds vested in Lucy upon the death of Walter as well as the income accruing after the death of Walter and dismissed the bill for want of equity.

MILES & FULLER, for appellant; A. D. HARRINGTON, of counsel.

RICHARD H. RADLEY for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. EQUITY—*when court may on its own initiative require proper parties to be brought in.* Though lack of proper parties is not set up in a chancery proceeding, the court will, whenever it finds such lack of proper parties, take notice, *ex officio*, of such omission and refuse to proceed until the pleadings have been amended and the omitted parties brought into court.

2. TRUSTS, § 242*—*who proper parties to bill for accounting against trustee upon death of beneficiary.* Where a testator, after giving his widow the use of his real estate so long as she remained single, made provision for certain specific legacies and bequeathed the residue to his two blind children, with certain provisions for further distribution in case they should die without lawful issue, and the widow's interest was by consent of all parties satisfied by a cash payment from the proceeds of a sale of the real estate, and the residue placed in the hands of a trustee for the use of the blind children, and on the death of one of them without lawful issue, his widow filed a bill for an accounting against the trustee, *held* that the other residuary legatee and the specific legatees, or their legal representatives, their legacies not having been paid, were all proper parties and should be brought in before a decree could be properly entered in the suit.

NIEHAUS, J., took no part in this decision.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.