---

(No. 11345.—Reversed and remanded.)
OSCAR METZ *et al.* Defendants in Error, *vs.* OSCAR BROD-
FUEHRER *et al.* Plaintiffs in Error.

*Opinion filed February 20, 1918—Rehearing denied April 3, 1918.*

1. EVIDENCE—*when question of fact must be determined on direct evidence, alone.* Where a question of fact is to be determined in the Supreme Court and the corroborative evidence on either side is so vague and uncertain as to be of no assistance the question will be determined upon the evidence bearing directly on the issue.

2. CLOUD ON TITLE—*when signatures to deeds will not be considered forgeries.* In a proceeding to remove a trust deed and a warranty deed as a cloud on the title to land, although the complainants, who are husband and wife, deny the execution of the instruments, the signatures will not be considered forgeries where

two witnesses familiar with the handwriting of the husband testify to the genuineness of his signature and another testifies to the husband's admission that the trust deed was all right, and where the court is satisfied that the signatures are genuine by comparing them with signatures in the record admitted to be genuine.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

ROMAN G. LEWIS, for plaintiffs in error.

A. L. WILLIAMS, (GEORGE H. SUGRUE, of counsel,) for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Oscar Metz and Bertha Metz filed a bill in the circuit court of Cook county against Oscar Brodfuehrer, Henrietta Newton, William Slack, George K. Hollingsworth, John A. Cogan and Joseph F. Connery to remove as a cloud upon the title of Oscar Metz to certain real estate known as No. 2161 Leland avenue, in the city of Chicago, a trust deed of such real estate purporting to be executed by the complainants to William Slack, dated September 11, 1913, securing a note for $1000, and a warranty deed of such real estate purporting to be executed by the complainants to Henrietta Newton, dated April 25, 1914, both of such instruments being recorded in the recorder's office of Cook county. The bill alleges that Brodfuehrer, Slack and Cogan, pursuant to a conspiracy among them to cheat the complainants out of their property, caused the trust deed to be recorded, and that Brodfuehrer and Newton, pursuant to a like conspiracy, caused the deed to be recorded, and that both instruments are forgeries. Answers were filed, the cause was referred to a master, who reported in favor of the complainants, a decree was rendered canceling the instruments, and defendants Brodfuehrer and Newton have sued out a writ of error.

Before the hearing the complainants dismissed the bill as to Slack, who was the grantee in the trust deed, Hollingsworth, who held the note and trust deed as collateral security for a loan to Brodfuehrer, and Connery, who was the recorder of Cook county and was not served with summons. Cogan's name appeared at the bottom of a certificate of acknowledgment attached to the trust deed as a notary public taking the acknowledgment, and no relief was asked or given against him.

The answers of Brodfuehrer and Henrietta Newton deny that Metz was the owner or in possession of the premises, though they admit he acquired the legal title on January 8, 1913, by a deed from Alonzo M. Fuller. Brodfuehrer's answer averred that he purchased the premises from Fuller, but that the written contract, which was dated September 28, 1908, was taken in Oscar Metz's name to enable Brodfuehrer to handle the property with more facility for trade or exchange; that he paid all the purchase money and had ever since been in possession of the property. Fuller was the owner of the property, and on September 28, 1908, by a written agreement signed by him and Oscar Metz, he sold the property to the latter for a consideration of $3750,—$300 cash and $30 or more on or before the first day of November, 1908, and of each month thereafter, together with interest, until the whole amount should have been paid, provided that the whole amount should be paid within three years. From that time Brodfuehrer collected the rents of the property. The monthly payments were made and indorsed on the agreement until February, 1911, and in August, 1911, there was indorsed on it an extension, signed by Fuller and Metz, of the time to September 28, 1914. On January 8, 1913, Fuller and his wife conveyed the property to Metz. All the payments on the contract were made by Brodfuehrer, but Metz testified, and Brodfuehrer denied, that Metz gave Brodfuehrer the money to pay them.

The trust deed in question is dated September 11, 1913, and was filed for record on December 19, 1913. It purports to be signed by Oscar Metz and Bertha Metz and to have been acknowledged by them before John A. Cogan, notary public, on the day of its date. Both Oscar Metz and Bertha Metz denied their signatures, and it is conceded that the name "Bertha Metz" was not in her handwriting. Brodfuehrer testified that Metz brought the trust deed to his office with the signature of Bertha already attached, and that Brodfuehrer told him that he did not think the signature was that of his wife, but Metz assured him that it was all right. The $1000 note that the trust deed purported to secure is in the same situation as the trust deed itself. Slack, who was the trustee named in the trust deed, was an attorney who had previously acted both for Metz and for Brodfuehrer. He knew nothing about the trust deed at the time of its execution. He testified on the trial to the genuineness of Oscar Metz's signature both to the note and the trust deed. In December, 1913, Brodfuehrer applied to Hollingsworth, who was in the real estate and loan business, for a loan on the security of the note and trust deed. Hollingsworth called upon Metz and inquired about the note and trust deed, showed them to Metz, and Metz told him they were all right. Hollingsworth had the property in question inspected and made a loan to Brodfuehrer of $510 upon the note and trust deed as collateral security. The interest on the note remaining unpaid, Hollingsworth wrote a letter to the complainants on September 29, 1914, informing them that he was the holder of the note, on which a year's interest was past due, and asking that it be remitted. No reply was received to the letter, and on October 1 an employee in Hollingsworth's office called Metz on the telephone at his number. A man's voice answered, and Hollingsworth's employee said that Hollingsworth would like to know about the interest on the $1000 mortgage on Leland avenue, and the voice answered, "Mr. Brodfuehrer

is taking care of that." Cogan, the notary public before whom the trust deed purports to have been acknowledged, testified that neither Oscar Metz nor Bertha Metz acknowledged it before him. The certificate of acknowledgment is a printed form. The written part is in the handwriting of Brodfuehrer, except the signature, which Cogan does not deny is in his handwriting. He testified that he had sometimes at Brodfuehrer's request signed his name as a notary public to certificates of acknowledgment in blank. He stated that he was a stranger to Metz and his wife, but soon after the commencement of this suit he was employed by Metz to collect rents for him and at the time of the trial was so employed. The deed to Henrietta Newton has attached to it Brodfuehrer's certificate of acknowledgment before him as a notary public, though Oscar Metz and Bertha Metz deny the genuineness of the signatures and deny that they acknowledged the instrument. Brodfuehrer and Slack testified to the genuineness of the signatures. A contract dated April 22, 1914, was introduced in evidence purporting to be between Thomas and Henrietta Newton of one part and Oscar and Bertha Metz of the other, for the exchange of the property in controversy and some other property for other real estate in Chicago. This contract purports to be executed by Oscar Metz and Bertha Metz, though they denied signing it. A deed was introduced in evidence from Thomas and Henrietta Newton, dated April 10, 1914, conveying to Bertha Metz the property agreed to be conveyed to her. This deed was recorded on April 30, 1914, and that from Oscar and Bertha Metz to Henrietta Newton was acknowledged on the same day though not recorded until August 10, 1915. A number of checks, notes and other instruments bearing the admittedly genuine signatures of Oscar Metz and Bertha Metz were introduced in evidence for the purpose of comparison. No expert evidence was offered in regard to the signatures. The original documents have been transmitted to this court and have

had our consideration. In our judgment they tend to confirm the genuineness of the signatures attached to the trust deed and the warranty deed, except the signature of Bertha Metz to the trust deed. Since her only interest in the property was a contingent right of dower, which the warranty deed would extinguish, it would be immaterial whether she signed the trust deed or not, if the warranty deed is valid.

The parties testified at great length and in much detail in regard to their financial relations extending over a number of years. Brodfuehrer and Metz each appears to have held the title at various times to property which belonged to the other and each appears to have paid money for the other. They disagreed in almost every detail in regard to the transactions in which they were involved, and it is impossible to determine from their contradictory evidence what was the true condition of their affairs, or which, if either, was indebted to the other. Substantially none of this evidence is of any value for the purpose of corroborating the testimony proving or disproving the execution of the instruments in question. The question of fact must be determined finally upon the evidence bearing directly on the issue, for the corroborative evidence on either side is so vague and uncertain as to be of no assistance. While the complainants deny the execution of the instruments, the genuineness of the signature of Oscar Metz to both instruments is testified to by Slack and Brodfuehrer. Hollingsworth testified to Oscar Metz's admission that the trust deed was all right. A comparison of the signatures in the record admitted as genuine with those of the questioned instruments leads us to the conclusion that the court erred in finding that the questioned instruments were forgeries.

The decree of the circuit court will be reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*