sary elements creating an estoppel is wanting (Bigelow, Estoppel, 5th Ed. 638; *Davis v. Bowmar*, 55 Miss. 671; *Shaw v. Spencer*, 100 Mass. 382; *Payne v. Burnham*, 62 N. Y. 69), we are of the opinion that, under the law, the note of $11,500 must be considered as having been shown to be merely an accommodation and without consideration, and that, therefore, the plaintiff cannot recover. Accordingly, the judgment must be reversed with a finding of fact.

*Reversed with a finding of fact.*

Finding of fact. We find as a fact that there was no consideration for the promissory note in suit; that there was no indebtedness such as was claimed by the defendant in error and that the creditors of the bank were not injured by the giving of the note.

---

**Robert Quait, Appellee, v. Horace L. Wortham, Appellant.**

**Gen. No. 23,572.    (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed June 19, 1918. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Robert Quait, plaintiff, against Horace L. Wortham, defendant, upon a written contract for the payment of a certain annual sum upon stock purchased from defendant. From a judgment for plaintiff, defendant appeals.

MOSES, ROSENTHAL & KENNEDY and R. K. WELSH, for appellant.

O'SHAUGHNESSY & O'SHAUGHNESSY, for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

EVIDENCE, § 345*—*when parol is inadmissible as tending to modify written contract.* Contract in writing under which plaintiff agreed to purchase stock from defendant, the latter to have the option to repurchase within 5 years, to vote the stock during that time, to receive the dividends thereon and to pay plaintiff a certain sum per year "during the time" he held the stock "and not otherwise," *held* unambiguous, and parol evidence of a prior oral agreement that said sum was to be paid only during the option period of 5 years was properly excluded as tending to modify the written contract.

---

Frank S. Frost, Appellee, v. C. E. Heath, J. C. Follett, C. Heath, A. L. Whatman, A. Burns and M. Evans, as Underwriters at Lloyds, Appellants.

Gen. No. 23,718.

1. AUTOMOBILES AND GARAGES, § 7*—*when identity of recovered stolen car shown.* Evidence in an action upon a theft insurance policy on an automobile, *held* sufficient to identify an automobile recovered and tendered to the insured as the stolen car.

2. ACCOUNT STATED, § 3*—*what does not constitute.* Where a theft insurance policy on an automobile gave the insurer 30 days after proof of loss in which to make payment, and before the expiration of the 30-day period the insurer and the insured adjusted the loss on the machine, the former drawing a draft for the amount and delivering it to the latter, but stopping payment on it the next day because of information that the stolen car had been found, the transaction did not amount to an account stated so as to permit of an independent action thereon.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.