## Oscar and Bertha Metz, Appellants, v. Oscar Brodfuehrer and Henrietta Newton et al., Appellees.

### Gen. No. 24,604.

1. INJUNCTION, § 395*—*when proper to tax costs against complainant on remand by Supreme Court*. On an appeal from an order allowing a certain sum of money to defendants on the suggestion of damages entered by the defendants after the vacation by the Supreme Court of the injunction order, *held* that the taxation against the complainants of costs incurred in the Supreme Court, and expenses incurred in taking and reporting testimony before a master in chancery, was proper, where part of the mandate was that the decree be reversed and the cause remanded with directions to dismiss the bill.

2. INJUNCTION, § 393*—*when order of Supreme Court requires dissolution of injunction*. An order of the Supreme Court in a proceeding in which an injunction had been granted, directing the trial

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Metz et al. v. Brodfuehrer et al., 214 Ill. App. 458.

court to dismiss the bill, necessarily required that court to dissolve the injunction.

3. Injunction, § 395*—*when trial court may permit filing of suggestion of damages upon reversal by Supreme Court.* Where an injunction had been issued upon the filing of a bond, it was proper for the trial court, upon reversal by the Supreme Court, to permit the filing of suggestion of damages, and to retain jurisdiction of the case until questions arising thereunder were determined.

4. Appeal and error, § 717*—*when evidence should be preserved.* A party in whose favor a decree has been entered should preserve the evidence upon which such decree is based, unless the decree is supported by a finding of facts made therein.

5. Appeal and error, § 1727*—*when decision of Supreme Court regarded on subsequent appeal to Appellate Court as final.* In an injunction proceeding involving consideration of a freehold interest in land, where the Appellate Court acted upon the face of the bill and was therefore not called upon to determine the merits of the controversy, that court merely had before it the question of the propriety of the order of the trial court granting the injunction, but the truth of the allegations of the bill was properly before the trial and Supreme Courts, and the decision of the latter was final as to complainants' rights under the bill, and was so considered upon a subsequent appeal to the Appellate Court from an allowance of damages on the dissolution of the injunction.

6. Injunction, § 395*—*what correct rule of damages on vacating of injunction when rents involved.* On a suggestion of damages upon vacation of an injunction, where the rental value of certain premises was involved, the correct rule of damages was the reasonable rental value and not the amount of rents actually received by persons not entitled thereto.

7. Injunction, § 395*—*when solicitor's fees and court costs properly allowed upon suggestion of damages.* Solicitor's fees and court costs incurred by the defendants, in an effort made in good faith to dissolve the injunction in question, were properly allowed upon suggestion of damages.

Appeal from the Circuit Court of Cook county; the Hon. M. W. Pinckney, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed June 16, 1919. *Certiorari* denied by Supreme Court (making opinion final).

## A. L. Williams, for appellants; Walter M. Farmer, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Abram E. Adelman, for appellees.

Mr. Presiding Justice Dever delivered the opinion of the court.

An opinion affirming the judgment of the trial court was filed in this court March 10, 1919, and a petition for a rehearing in the cause was allowed on March 24, 1919. The former opinion was predicated upon the failure of the plaintiffs to file in this court a sufficient abstract of record. The insufficiencies have been supplied.

The appeal is from a decree of the Circuit Court of Cook county assessing damages upon the dissolution of an injunction.

A bill of complaint was filed in that court on August 21, 1915, which *inter alia* prayed an injunction. On August 23, 1915, the injunction prayed was granted upon the complainants filing an injunction bond. A motion was subsequently made to dissolve the injunction, which motion was denied, and an appeal was prayed from the order denying the motion to the Appellate Court, which court on April 12, 1916, affirmed the order of the Circuit Court. 198 Ill. App. 587.

On July 21, 1916, the Circuit Court entered a decree in confirmance of the conclusions and recommendations of a master in chancery, to whom had been submitted for report certain issues presented by pleadings in the cause, and thereafter the defendants, Oscar Brodfuehrer and Henrietta Newton, brought the cause by writ of error to the Supreme Court of this State, which court reversed the decree entered by the Circuit Court and remanded the cause with directions to dismiss the bill. [282 Ill. 626.]

Upon the filing in the Circuit Court of the mandate of the Supreme Court, the injunction order was vacated; the bill was dismissed for want of equity, and defendants were given 2 days within which to file suggestions of damages. The defendants filed a joint

suggestion of damages, which was thereafter amended, and on June 22, 1918, after a hearing thereon, a decree was entered in favor of the defendants for the sum of $2,053.52.

It is insisted as a preliminary question that the Circuit Court exceeded its authority when it entered an order dissolving the injunction and dismissing the bill and, as a part of said order, taxing costs against complainants in the sum of $473.05, incurred in the Supreme Court, and $177.87, expenses incurred in taking and reporting testimony before a master in chancery. So far as we are able to determine from the record, no objection was made to the order, nor was its entry assigned as error. The present appeal seems to be from the order allowing a certain sum of money to defendants on the suggestions of damages. There is no merit, however, in the contention that the mandate did not confer any authority upon the trial court to allow defendants' costs in the Supreme Court. The order as to these costs is based upon a fee bill issued out of the office of the clerk of that court.

A part of the mandate of the Supreme Court is as follows:

"The decree of the Circuit Court will be reversed and the cause remanded, with directions to dismiss the bill."

The order directing the Circuit Court to dismiss the bill necessarily required that court to dissolve the injunction. An injunction having been issued upon the filing of a bond, it was proper for the trial court to permit the filing of suggestions of damages, and to retain jurisdiction of the case until questions arising thereunder were determined. *Crumbaugh v. Owen*, 232 Ill. 191.

The rights of the parties to the litigation were not determined by the Appellate Court. That court had before it the question of the propriety of the order

of the Circuit Court granting the injunction. The Appellate Court was not called upon to determine the merits of the controversy, and in its opinion it said:

"The motion came on for hearing on the face of the verified amended bill and must therefore be treated as a demurrer to the amended bill and the case decided upon the face of the same."

The Appellate Court for the purposes of its decision was required to accept the allegations of the bill as true. The truth of such allegations, however, certain of which involved consideration of a freehold interest in land, was properly before the trial court and the Supreme Court, and the decision of the latter court was final as to complainants' rights under their bill.

It is insisted that the decree appealed from fails to recite the evidence upon which its findings are based and that the decree should be reversed because it appears that this evidence was not preserved by defendants. The rule is that a party in whose favor a decree has been entered should preserve the evidence upon which such decree is based, unless the decree is supported by a finding of facts made therein. It is our view that the record before us contains the evidence and findings of fact in support of the decree.

The decree of the court assessing damages in favor of the defendants found that they were compelled to and did lay out various sums of money in the proceedings which finally culminated in a dissolution of the injunction, and it also specifically found the other facts upon which defendants' claim for damages is based, as, for instance, that the reasonable rental of premises for a certain period of time was and is the sum of $735; that during this period of time the sum of $600 was expended by complainants for taxes, insurance, etc., and that defendant Henrietta Newton should have credit for "the said balance of $135.00 as her damages," etc.

Specific findings of fact are made in the decree on the ultimate questions of fact upon which the decree was based, and, as stated, these findings of fact are supported by evidence appearing in the record.

We think the rule applied by the trial court, that the defendants were entitled on the suggestion of damages, as one item thereof, to the reasonable rental value of the premises, and not the amount of the rents actually received by persons not entitled thereto, is the correct rule.

The trial court did not err in its findings on other issues of fact. The evidence shows that solicitors' fees and court costs allowed in the decree were incurred by defendants in an effort made in good faith to dissolve the injunction.

The decree of the Circuit Court will be affirmed.

*Affirmed.*