## Horace L. Wortham, Appellee, v. Robert Quait, Appellant.

## Gen. No. 6,715.

1. INJUNCTION, § 269*—*what is effect of motion to dissolve temporary injunction.* A motion filed to dissolve a temporary injunction, issued pursuant to the prayer of a bill to reform a contract and to restrain the commencement and prosecution of suits to recover payment thereunder, operates as a demurrer to the bill and raises the question of the sufficiency of the bill on its face to entitle complainant to the relief sought.

2. REFORMATION OF INSTRUMENTS, § 12*—*when mistakes justify reformation of instrument.* That mistakes in instruments in writing may be corrected and reformed by a proceeding in equity, it must appear in such proceeding that the mistakes sought to be corrected were the mutual mistakes of the parties to the instrument.

3. REFORMATION OF INSTRUMENTS, § 38*—*who are necessary parties to proceeding.* On a bill to reform or nullify a contract entered into in writing between defendant, on the one part, and complainant and his brothers, on the other, such brothers are necessary parties to the proceeding.

4. EQUITY, § 97*—*who are necessary parties to suit.* To maintain a suit in equity, all parties in interest must be made parties, either as complainants or defendants.

5. REFORMATION OF INSTRUMENTS, § 47*—*when allegations of bill are insufficient to show right to have contract annulled.* On a bill to reform a written contract to conform to an alleged previous oral agreement, allegations that the signatures of complainant and his brothers who signed the contract were obtained by false representations; that defendant falsely and fraudulently advised them that the written agreement incorporated the oral agreement, that defendant, by fraud, trickery and deceit, induced complainant and his brothers to sign the contract, are not sufficient to show complainant entitled to have the contract annulled, but are mere conclusions of the pleader.

6. REFORMATION OF INSTRUMENTS, § 39*—*when certain allegations in bill are rendered nugatory by others.* Allegations in a bill to reform a written contract to conform to an alleged previous oral agreement which state conclusions of the pleader that complainant's and his brothers' signatures were obtained to the contract by false representations and that defendant falsely and fraudulently advised

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

them that it embodied the oral agreement, are rendered nugatory by further allegations that complainant and his brothers read such contract before signing it and then construed it to mean the same as the oral agreement.

7. REFORMATION OF INSTRUMENTS, § 39*—*what cannot be set up as grounds for avoiding contract.* On a bill to reform a contract, complainant cannot set up, as grounds for avoiding the contract, fraud and misrepresentation which he could and should have set up as defense in a previous action at law brought by defendant to enforce such contract.

8. REFORMATION OF INSTRUMENTS, § 37*—*when complainant guilty of laches.* One who delays bringing a suit to reform a contract until 16 years after its execution and over 8 years after defendant had brought an action at law to enforce it is guilty of such laches as will preclude him from the relief sought.

Appeal from the Circuit Court of Winnebago county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded with directions. Opinion filed December 17, 1919.

O'SHAUGHNESSY & O'SHAUGHNESSY, for appellant; LAWRENCE HARMON, of counsel.

FISHER, NORTH, WELSH & LINSCOTT, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

In this case an appeal is prosecuted by the appellant, Robert Quait, from an order of the Circuit Court of Winnebago county, denying appellant's motion to dissolve a temporary injunction which had been ordered at the instance of Horace L. Wortham, the appellee, in accordance with the prayer of a bill of equity filed by the appellee, to reform or nullify a certain written contract existing between the appellant on the one part, and the appellee and his brothers, William L. Wortham and Jesse L. Wortham, on the other part. By virtue of this contract the appellant for the sum of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

$3,000 had purchased from said parties thirty shares of stock in a certain corporation known as the Wortham Bros. Company, which had been organized by the Wortham brothers for the purpose of carrying on a general merchandise business in the City of Rockford; and in consideration of said purchase, said Wortham brothers, in said contract, had agreed to pay the appellant $240 annually on the 9th day of September of each year after 1902, and during the time that the appellant held the stock which he had purchased. It was also agreed, by the terms of the contract, that the appellant should hold said thirty shares of stock for the period of 5 years from the date of the contract; and the Wortham brothers retained the option and privilege of repurchasing said thirty shares of stock from appellant for $3,000 at any time before the expiration of said 5-year period; and it was also agreed that the dividends earned by the stock during the time it was held by the appellant should be paid to the Wortham brothers; and they were authorized to collect the same from said corporation, and receipt therefor in the name of the appellant; and that during said 5-year period the Wortham brothers should control said stock for the purpose of voting the same at any meetings of the stockholders, and were constituted attorneys and agents of the appellant for the purpose of voting the same. After the execution of this contract, the Wortham brothers paid three annual payments of $240, which successively became due in accordance with the terms of the contract, namely in 1903, 1904 and 1905, but failed to make any payments under the contract thereafter. Thereupon in August, 1910, the appellant commenced suit against the Wortham brothers in the Circuit Court of Cook county to recover the annual payments which were then due, and the interest. The appellant was the only one of the Wortham brothers who was served with summons, and he contested appellant's right to recover, and made a

defense in the case. The only defense made, however, was an offer to prove that the parties to the written contract prior to the execution of the written contract had had an oral understanding by which the obligation to pay the $240 annually was limited to the 5-year period. The court refused to admit the proof offered as a defense to the suit, and at the close of the evidence directed a verdict against the appellee for the total amount then due, with interest, amounting to the sum of $1,392, and rendered judgment for said amount, and costs of suit against the appellee. An appeal was taken by the appellee to the Appellate Court, where the judgment was affirmed. *Quait v. Wortham,* 211 Ill. App. 453. A petition for writ of certiorari was thereupon filed in the Supreme Court for a review of the case, but the writ was denied. In April, 1917, the appellant commenced another suit in the Circuit Court of Winnebago county to recover for six other annual payments of the $240 which had become due, for the years 1910, 1911, 1912, 1913, 1914 and 1915; and in September, 1918, commenced another suit for the annual payments which had become due in 1916 and 1917. The appellee then filed a bill in equity in the Circuit Court of Winnebago county, setting forth in his bill what he claimed to be the facts and circumstances surrounding the execution of the contract; and setting forth an alleged prior oral agreement between the parties, substantially as embodied in the offer of proof made by the appellee on the trial of the law case, and prayed to have the written contract corrected and reformed to conform to the alleged previous oral agreement; also alleging that the signatures of the parties, the Worthams, were obtained to said written contract by fraudulent representations; and praying for an injunction to restrain the collection of the judgment obtained by the appellee in Cook county, and the prosecution of the suits commenced by the appellee in Winnebago county; and to restrain the appellee from

commencing any further suits to recover payments
under said contract, and other matters. This bill was
afterwards amended by making new and additional
parties, and alleging additional matters in connection
with said judgment rendered in the law case in Cook
county, and in connection with the appeal bond filed
in that case. It is unnecessary to set out these matters
here, inasmuch as they have no special bearing upon
the questions now presented for determination. A
temporary injunction was issued in accordance with
the prayer of the bill, but was afterwards modified to
pertain only as a restraint of the commencement and
prosecution of the suits in Winnebago county, and a
demurrer was sustained to the bill as amended; but
leave was given to the appellee to file an amended bill,
and the temporary injunction was continued in force
in reference to the suits in Winnebago county, await-
ing the filing of an amended bill. Thereafter an
amended bill was filed by the appellee, setting forth
substantially the same facts, which were contained in
the original bill in relation to the contract and its
execution, which bill prays that the writing in question
purporting to be a contract between the appellee and
his brothers and the appellant be corrected and re-
formed, in accordance with the terms of the alleged
original oral agreement of said parties, or be declared
void and annulled; also for an injunction, restraining
the prosecution of all suits then pending in the Circuit
Court of Winnebago county, and the commencement
of any other suits upon the contract in question.
After the filing of this amended bill, the appellant
made a motion to dissolve the temporary injunction
which had been retained in force under the amended
bill which motion was denied by the court; and from
the order denying the motion, an appeal is now prose-
cuted.

A number of questions are raised concerning al-
leged errors in the action of the court, in issuing the

temporary injunction under the original bill and the amendment thereto, the sufficiency of the injunction bond, and lack of jurisdiction of the Circuit Court of Winnebago county to restrain the collection of a judgment in Cook county, and concerning the sufficiency of the service on the parties; but most of these questions are practically eliminated, because before the amended bill was filed the judgment against the appellee in Cook county had been paid and satisfied, and the amended bill alleges this to be the fact. The controversy is therefore narrowed down to the question of the right of the appellee, on the basis of the allegations. in the amended bill, to maintain the injunction restraining the prosecution of the suits pending in Winnebago county, and the commencement of other suits. The motion to dissolve the temporary injunction operates as a demurrer to the bill, and therefore raises the question of the sufficiency of the bill on its face, to entitle the complainant to the relief prayed for. *Spies v. Byers,* 287 Ill. 627; *Stamatakos v. McCaffrey,* 177 Ill. App. 370; *Durand v. Dyson,* 271 Ill. 382; *Williams v. Chicago Exhibition Co.,* 188 Ill. 26; *Metz v. Brodfuehrer,* 198 Ill. App. 587. It is well settled that mistakes in instruments in writing may be corrected and reformed by a proceeding in equity, but it must appear in such proceeding that the' mistakes sought to be corrected were the mutual mistakes of the parties to the instrument. *Silurian Oil Co. v. Neal,* 277 Ill. 45; *Kelly v. Galbraith,* 186 Ill. 606; *Sutherland v. Sutherland,* 69 Ill. 481. There are no allegations in this bill from which the inference can be drawn that the mistake which the appellant seeks to correct was a mutual mistake of both parties to the instrument. It is also apparent that the bill lacks the necessary parties for the purpose of correcting a mutual mistake. This contract is not a contract merely between the appellee and the appellant, but between the appellant, the appellee and two other

parties, and these other parties to the instrument are not made parties to the controversy. To maintain a suit in equity it is necessary that all parties in interest should be made parties, either as complainants or defendants. *Marcy v. Marcy,* 200 Ill. App. 273; *Prentice v. Kimball,* 19 Ill. 320; *Granquist v. Western Tube Co.,* 240 Ill. 132; *Conway v. Sexton,* 243 Ill. 59; *Nolan v. Barnes,* 268 Ill. 515. Nor are there any allegations in the bill of facts which show that the appellee is entitled to have the contract in question annulled. It is true that the bill alleges that the signatures of the Wortham brothers were obtained to the instrument in question by false representations; and that the appellant falsely and fraudulently advised them that the contract incorporated the alleged oral agreement; and that the appellant fraudulently, deceitfully, and by the use of artifice and trickery, induced the appellee and his brothers to sign said contract; but these allegations were merely the conclusions of the pleader; and even as conclusions of the pleader are rendered nugatory by the additional allegations in the bill, that the appellee and his brothers read said contract over before signing it, and, after reading it over, construed it to mean the same as their previous oral agreement. *Sibert v. McAvoy,* 15 Ill. 106; *Bonney v. Stoughton,* 122 Ill. 536; *Wood v. Price,* 46 Ill. 439; *Baker v. Pierce,* 197 Ill. App. 158. Moreover, if there were such fraud or misrepresentation practiced by the appellant upon the appellee as would avoid the contract, this was a legal defense, which appellee could, and should have, set up in the suit at law to enforce the contract in Cook county, in which he made defense. *Harris v. Galbraith,* 43 Ill. 309. He cannot be permitted to make a part of his legal defense in a suit at law, and reserve the remainder for a suit in equity. "The principle is well established that when a cause belongs to the jurisdiction of the law courts, equity will never interfere to restrain the prosecution of an

action upon any mere legal grounds, although it may appear that the complainant in equity had a valid legal defense which was not availed of, either through the error of the court in determining the law or the facts, or the omission of himself or his counsel in presenting it." *Chapman v. American Surety Co.,* 261 Ill. 594.

There is another matter which appears to be fatal to this proceeding, namely, laches. The contract in question was executed on September 9, 1902. This suit was commenced October 26, 1918, after a lapse of 16 years. Nearly eight years had already elapsed when the suit at law was commenced in the Circuit Court of Cook county to enforce the contract, and more than 8 years had elapsed since that time, before the filing of this bill; the lack of diligence is therefore apparent. Courts of equity will not grant relief where parties have slept on their rights. *Hollister v. Sobra,* 264 Ill. 535; *Moore v. Martin,* 233 Ill. 512; *Greenwood v. Fenn,* 136 Ill. 146; *Chicago & W. I. Ry. Co. v. Chicago & E. I. Ry. Co.,* 172 Ill. App. 156.

For the reasons stated, we are of opinion that the motion of the appellant to dissolve the temporary injunction should have been sustained for want of equity on the face of the bill, and the order denying the motion is therefore reversed and the cause is remanded with directions to sustain the motion and dissolve the injunction.

*Reversed and remanded with directions.*