Celle Becker, Respondent, Defendant in Error, v. James H. Hooper, Petitioner, Plaintiff in Error.

Gen. No. 34,897.

Opinion filed October 9, 1931.

JAMES H. HOOPER, *Pro Se.*

No appearance for defendant in error.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Plaintiff in error has sued out this writ of error to review a decree of the superior court of Cook county dismissing his petition for want of equity.

The respondent, Celle Becker, hereinafter called the defendant in error, filed her bill in the circuit court of Cook county praying that a sale to plaintiff in error of her real estate by the bailiff of the municipal court of Chicago under an execution issued out of that court on a judgment against her be set aside. The bill also prayed for an injunction to restrain plaintiff in error from assigning the certificate of sale or obtaining a deed by reason of the sale. On April 13, 1928, that bill was dismissed for want of equity and defendant in er-

ror appealed to the Supreme Court, where the decree of the circuit court was affirmed, in June, 1930. (See *Becker v. Hooper,* 340 Ill. 98.) It appears from the opinion filed in that case that what purported to be a certificate of the evidence on which the decree of the circuit court was based, was stricken from the record on motion of the plaintiff in error, and that the decree was affirmed for the reason that all of the errors assigned were based on matters contained in the said certificate of evidence. While the appeal in that case was pending the defendant in error filed, in the superior court of Cook county, on May 26, 1928, her bill against plaintiff in error for an injunction *pendente lite.* The bill prayed that the plaintiff in error be restrained from collecting or attempting to collect the rents due from tenants of the building in question and from commencing any action against any of the tenants of the building, and that he be restrained from prosecuting any of the actions and proceedings he had already commenced against the tenants in the building, etc., pending the determination of the appeal from the decree in the circuit court case, then pending in the Supreme Court. A decree was entered in the superior court case, on June 19, 1928, finding that the defendant in error, on January 2, 1924, *acquired by purchase, for the sum of $350,000, the premises in question,* consisting of certain land and the improvements thereon; that since January 2, 1924, she has continued to be the owner in fee simple of said premises and has since said date occupied the premises as her homestead. The decree recites the commencement of the suit in the circuit court and the proceedings thereunder and the decree entered therein, and that an appeal had been taken and was then pending in the Supreme Court; that the real estate is improved by an 18 flat brick and stone building, ''one of which apartments is six rooms and is occupied by the complainant and her family as her own and has been so occupied for the

past five years; that all of the other flats are occupied
by tenants''; that after the entry of the decree in the
circuit court the plaintiff in error, by threats, demands
and various actions at law, attempted to obtain posses-
sion of the premises and large sums of money due and
owing from the tenants of the building; that he has
served notice on the various tenants during April and
May, 1928, that he was the owner of the building and
demanding that they pay rents to him; that he has
commenced divers actions in the municipal court of
Chicago against said tenants; that the court finds that
unless an order is entered against him restraining him
from his attempts to take possession of the building
and to collect the rents of the same during the pend-
ency of the appeal, he will continue his said acts to
the great and irreparable damage, etc., of defendant in
error; that ''the court further finds that it has jurisdic-
tion of the parties hereto and of the subject matter of
this cause; that in the event the decree of said circuit
court is affirmed by said Supreme Court then the com-
plainant shall give to said defendant an accounting
with respect to the rents, receipts and income of said
property from the date hereof until the entry of the
order of said Supreme Court affirming said decree of
said circuit court, if, as and when the same shall or
may be done and that such accounting shall be without
prejudice as to either of said parties. The court
further finds that during the pendency of said appeal
the complainant is entitled to the possession of said
premises and to the rents, receipts and income there-
from without any interference by the said defendant
James H. Hooper or by those claiming by, through, or
under him, subject to accounting as hereinbefore set
forth.'' Then followed the injunctional order. On
November 2, 1928, the plaintiff in error sued the de-
fendant in error and the American Surety Company of
New York, a corporation, in the municipal court of
Chicago, upon an injunction bond given by the defend-

ant in error, as principal, and American Surety Company, as surety, in the aforesaid proceeding in the circuit court of Cook county. This cause was tried before the court, with a jury, and there was a verdict returned that the plaintiff take nothing by his suit and that the defendants recover from him their costs. From a judgment entered on the verdict the plaintiff in error appealed to this court, and on July 3, 1929, we filed an opinion affirming the judgment of the municipal court. (See *James H. Hooper and B. W. Snow, Bailiff v. Celle Becker and American Surety Co. of New York,* Gen. No. 33,347, 254 Ill. App. 606.) Thereafter the Supreme Court denied the plaintiff in error a certiorari in that cause. In our opinion we state that the amended statement of claim of the plaintiff in error alleges the following: "That the defendant Becker was, on February 6, 1926, the owner of lots 10, 11 and 12 in Block 5 in Cochran's Addition to Edgewater; that on the said date Broadway-Sheridan Building Co. obtained a judgment for $700 against her; that on February 8, 1926, an execution was issued thereon, and on April 21, 1926, under said execution *the bailiff 'sold all interest of said Becker' to plaintiff Hooper for $749.25;* that the period of redemption expired on July 21, 1927; that the property was not redeemed and plaintiff Hooper was entitled to a deed thereon, and to all the rents from July 21, 1927, or as soon thereafter as a bailiff's deed might issue, and demand be made upon the tenants for possession after the deed had been issued; that on September 2, 1927, said Becker filed a bill for injunction in the circuit court of Cook county and procured an injunction restraining said Hooper from obtaining a deed; that an answer was filed and a trial had, and on April 3, 1928, the court entered a final decree dismissing said bill of complaint for want of equity at complainant's costs; that said decree in legal effect dissolved the injunction; that said injunction had been issued upon the filing by said Becker of an injunc-

tion bond in the sum of $1,500; that said defendants, on September 2, 1927, entered into and executed said injunction bond (a copy of which was filed in that case as the instrument sued on); that said injunction bond was approved before the injunction was issued; that by reason of said injunction plaintiff Hooper was prevented from securing a bailiff's deed and from demanding possession from said tenants and from receiving the rents for said premises from September 2, 1927, to April 13, 1928; that the monthly rental of said premises was more than $4,000 per month, and said rents for said period were collected by said Becker and converted to her own use, and that she converted to her own use more than $1,500, which amount plaintiff has been damaged, wherefore plaintiff asks judgment for $1,500 debt and $1,500 damages.'' We further find from the opinion that the amended affidavit of merits of the defendant in error in that cause avers (*inter alia*):

''That said Celle Becker was at all times mentioned in plaintiff's statement of claim, the sole legal owner, and in sole, legal and undisputed possession of the property and premises described in plaintiff's statement of claim, has been such sole, legal owner, and in such sole, legal and undisputed possession of said property for the past four years, and now is such sole, legal owner and possessor of the said property.

''Affiant further states that said property and premises consist of an 18-apartment building, one of which apartments containing six rooms has been the home, and the only home, of said owner and her family, ever since she purchased the building, and now is the home, and the only home, of said owner and her family, and the other apartments have been at all times mentioned in plaintiff's statement of claim, occupied by tenants holding leases from said Celle Becker, and are now occupied by such tenants.

"Affiant further states that about April 21, 1928, under an execution issued by the Municipal Court of Chicago on a judgment entered against said Celle Becker, by confession on an alleged lease, in the sum of $700.00, the Bailiff of said court did offer said property for sale, and plaintiff having bidden the sum of $749.25 the whole of said property was struck off and sold to him, and the Bailiff thereupon issued a certificate of said sale to said purchaser, a copy of which was recorded in the office of the County Recorder of Cook County, Illinois, but said certificate was null and void, for the reason that the sale evidenced thereby was made on a bid of less than $1000.00, contrary to the provisions of Section 9 of Chapter 52 of the Statutes of Illinois.

"Affiant further states, that, in the making of the aforesaid sale of said property, both the judgment creditor and the Bailiff of said court failed to comply with the Statutes of the State of Illinois, in that they did not make any appraisement of said property, or take any steps to set off the homestead of the said owner, or offer to pay her $1000.00 in lieu of said homestead, as provided by section 10 of said Chapter 52.

"That by reason of the fact said sale was entirely null and void said plaintiffs were not entitled to a deed to said premises and were not entitled to make a demand for possession of said premises and were not entitled to rents, profits and issues therefrom and were not damaged in the manner and form alleged in their statement of claim."

In our opinion we state: "The undisputed evidence shows that the building in question is a single structure and consists of 18 apartments, occupying a corner plot of ground in the City of Chicago; that since the defendant Celle Becker purchased the property, in January, 1924, she had occupied six rooms of the building as a home for herself and her family and that it was her only home; that at the time

of the sale in question no steps were taken for the appraisement of the property nor to set off the homestead therein, and that the real estate was sold as one parcel.'' Because of these facts, we held that the sale by the bailiff of the municipal court to the plaintiff in error, *upon which he depends for his title to the premises in question,* was void. As our decision turned solely upon the question as to whether or not the sale was void, the refusal of the Supreme Court to allow a certiorari necessarily affirmed our ruling in that regard. From the opinion of the Supreme Court in *Becker v. Hooper, supra,* 340 Ill. 98, it appears that that court, because of the failure of the defendant in error to file a proper certificate of evidence in the case, was unable to directly pass upon the merits of the question decided by us in the plaintiff in error's suit upon the injunction bond. After the Supreme Court had refused a certiorari in *James H. Hooper and B. W. Snow, Bailiff v. Celle Becker and American Surety Co. of New York, supra,* the plaintiff in error filed, in the superior court of Cook county, what purports to be a petition in the proceedings wherein the defendant in error had been granted an injunction *pendente lite.* The petition, filed without leave of court, is as follows:

''Now comes Defendant, James H. Hooper and says that on June 20, A. D. 1930, the Supreme Court of Illinois, affirmed the decree in case No. 18949, Celle Becker vs. James H. Hooper, et al., and that the injunction heretofore entered herein has been dissolved and that under the decree entered herein on June 19, A. D. 1928, your Petitioner is entitled to an accounting herein for the rents, receipts and income for the premises described in the Bill herein and in said decree during the pendency of the appeal of said case No. 18949, in the Supreme Court of Illinois; that said appeal was so pending for twenty-six (26) months just prior to June 20, A. D. 1930; that during said twenty-six months, said Celle Becker was in sole possession thereof for

more than ten (10) months from April 13, 1928, to March 1, 1929; that the rents received by her during said ten (10) months were more than Four Thousand Dollars ($4,000.00) per month, making a total of Forty Thousand Dollars ($40,000.00); that Defendant is entitled to a decree that she account to and pay over to this said Petitioner therefor, the sum of Forty Thousand Dollars ($40,000.00).

"Petitioner therefore prays that Celle Becker be ruled to answer this Petition within a short day, and to show cause if any she has, why a decree shall not be entered against her as above set forth.

James H. Hooper

Defendant-Petitioner."

Here follows the jurat. The defendant in error filed the following answer to the petition:

"Now comes the complainant, Celle Becker, and for answer to the petition of James H. Hooper, filed herein on the 14th day of July, A. D. 1930, says:

"She neither admits nor denies that on June 20, 1930, the Supreme Court of Illinois affirmed the decree in case No. 18949, Celle Becker v. James Hooper et al., but asks for strict proof thereof.

"Further answering, she admits that the injunction heretofore entered herein has been dissolved.

"Further answering, she denies that she has been in sole possession of the premises in question for more than ten months from April 13, 1928, to March 1, 1929, and denies that the rents received by her during said alleged ten months were more than four thousand ($4,000.00) Dollars per month or a total of forty thousand ($40,000.00) Dollars, and denies that James H. Hooper, petitioner, is entitled to the rents, receipts and income for the premises in question during the pendency of the appeal of said case No. 18949, in the Supreme Court of Illinois, and denies that the petitioner, James H. Hooper, is entitled to a decree, that

she account to and pay over to said petitioner, James H. Hooper, the sum of forty thousand ($40,000.00) Dollars or any other sum whatsoever.

"Further answering, complainant states that the petitioner, James H. Hooper, is entitled under said decree only to a statement of account as to what she (Celle Becker) received in way of rents, issues and profits from said premises and also a statement of account as to what she necessarily disbursed during the time since entry of said decree on June 19, 1928, up to the time she remained in possession of said premises, but that said decree by its terms was entered without prejudice to either complainant or petitioner James H. Hooper, that said decree provides that right of possession to said premises was in complainant and that there is nothing in said decree entitling James H. Hooper to any rents or monies from said premises for any period. That said James H. Hooper is not entitled by reason of any title, right or otherwise to any of said rents or income from the said premises in any amount nor for any period of time. That said building is now under foreclosure proceedings and has been (except for sixty days) in the possession of a Receiver, the Foreman Trust & Savings Bank, duly appointed by the Circuit Court of Cook county, since February 14, 1929, which Receiver has collected all said rents, issues and profits from said premises since said date of February 14, 1929, down to and including the present except for a period from March 16, 1929, to May 15, 1929, and that said Receiver is still in possession and collecting said rents, issues and profits.

"Wherefore, complainant prays that said petition may be denied and that she may be dismissed with her costs."

Here follows the jurat. The plaintiff in error filed a formal replication to this answer. When the matter of the petition came on to be heard before the chancellor the plaintiff in error testified as follows:

''Celle Becker has been in possession of said premises and collected the rents of $3,000.00 and more each month for ten (10) months, from April 13, 1928, to March 1, 1929.'' The plaintiff in error then offered in evidence a certified copy of the order of affirmance entered by the Supreme Court in the circuit court case. He then rested. Thereupon the following occurred:

''Mr. Lipman: Complainant claims that the property was her homestead and that Petitioner is not entitled to anything but an account showing a statement of rents received and the amounts paid out by her and that such an account shows a deficit. I make offer to Petitioner of the Statement of Account of the building at Kenmore and Hollywood Avenues, Chicago, Illinois, showing receipts collected for the period in question amounting to $19,000.00 and disbursements for the same period amounting to $24,226.55, which disbursements were made in the operation and maintenance of the building, and in payment of interest and principal due upon encumbrances, that such account shows a deficit of $5,226.55.

Mr. Hooper: *I do not want a statement of the account, What I want is the money.*

''Said statement of account tendered to Petitioner by Respondent is attached hereto and is as follows:

IN THE SUPERIOR COURT OF COOK COUNTY
BECKER vs. HOOPER
No. 476057

STATEMENT OF ACCOUNT OF BUILDING AT THE NORTH WEST CORNER OF KENMORE & HOLLYWOOD AVENUE, CHICAGO, ILLINOIS, PURSUANT TO DECREE HERETOFORE ENTERED ON THE 19TH DAY OF JUNE, A. D. 1928.

. . .''

The building contained 18 flats, and the statement of the items that constitute the receipts and disbursements is necessarily lengthy. The statement

shows that the total receipts from June, 1928, to May, 1929, inclusive, were $19,000 and that the total disbursements from June, 1928, to May, 1929, inclusive, were $24,226.55, leaving a deficit of $5,226.55. The defendant in error then offered in evidence the opinion of the Supreme Court on the appeal from the circuit court decree. The foregoing is all that occurred on the hearing before the chancellor. The chancellor dismissed the petition for want of equity and the instant writ of error followed.

It appears from the admissions of the plaintiff in error, made of record, that the defendant in error was, on February 6, 1926, the owner of the premises in question; that on that date Broadway-Sheridan Building Company obtained a judgment for $700 against her; that an execution was issued thereon, and on April 21, 1926, under said execution, the bailiff ''sold all interest of said Becker'' to the plaintiff in error for $749.25. It further appears from the record that the defendant in error paid $350,000 for the premises. The records of this court (see *James H. Hooper and B. W. Snow, Bailiff v. Celle Becker and American Surety Co. of New York, supra*) show that when the question of the legality of the sale to the plaintiff in error was squarely presented to an appellate court it was held that the sale was void. The theory of the plaintiff in error in the trial court was that by the provisions of the decree entered in the superior court proceedings, wherein the defendant in error in her bill prayed for an injunction *pendente lite* against the plaintiff in error, if the decree of the circuit court was affirmed by the Supreme Court, the defendant in error was then bound to pay to the plaintiff in error all of the rents she might collect from the property from the date of the injunctional order until the date of the affirmance by the Supreme Court, and that upon the affirmance by the Supreme Court he was only obliged to file an informal petition in the injunctional

proceedings and to make proof as to the gross amount of rents collected by the defendant in error during the period in question and that thereupon it was the duty of the chancellor to enter a decree in his favor and for the actual amount of the rents collected by the defendant in error. After a careful reading of the decree in question, we have reached the conclusion that the contention of the plaintiff in error as to the purpose and effect of the decree is without the slightest merit. When the unfortunate defendant in error offered to the plaintiff in error an itemized statement of account, which upon its face showed that the total of the disbursements she had made was greater than the total income she had received from the property, the plaintiff in error did not question the correctness of the items in the statement, nor did he ask for a reference to a master, nor did he ask that the chancellor inquire into the items of the offered statement. Ignoring the fact that he was in a court of equity, he took the position, in effect, that he did not care what the defendant in error's statement of receipts and disbursements might show; that by reason of the decision in the injunctional proceedings he was entitled to all the rents she had collected, and the chancellor was bound to enter an order that she pay him $30,000, which was the amount he testified she had collected. Even if it could be held that under the decree in question the plaintiff in error were entitled to the rents of the premises for the period in question, nevertheless, he would not be entitled to the amount of rents actually collected by the defendant in error, as she, in any event, would be entitled to credit for taxes, insurance, upkeep, etc. This rule would prevail even if the informal petition of the plaintiff in error were considered in the nature of a suggestion of damages upon the vacation of the injunction. (See *Metz v. Brodfuehrer,* 214 Ill. App. 458.) The claim of the plaintiff in error in the trial court was so unconscion-

able that for that reason alone the chancellor was fully justified in dismissing the petition for want of equity. If it were necessary, other good reasons might be stated in support of the decree. In this court, despite the fact that we have heretofore held (*James H. Hooper and B. W. Snow, Bailiff v. Celle Becker and American Surety Co. of New York, supra*) that the sale to the plaintiff in error was void, he boldly stands by the position he assumed in the trial court, and he insists that we must enter a judgment in this court in his favor for $30,000. However, he concludes his brief by asking that "at least the cause should be remanded" in order that he may have an opportunity to obtain an accounting from the defendant in error. It is a sufficient answer to this request to say that he did not desire an accounting in the trial court and he will not be allowed to change his position in this court.

The decree of the superior court of Cook county dismissing the plaintiff in error's petition for want of equity is a just one and it should be and it is affirmed.

*Affirmed.*

Gridley, P. J., and Kerner, J., concur.