Mortimer L. Hudson, Appellee, v. James H. Hooper, Appellant.

Gen. No. 35,681.

326

Heard in the second division of this court for the first district at the October term, 1931. Opinion filed February 23, 1932.

A. G. Dicus, for appellant.

Sanders, Childs, Bobb & Wescott, for appellee; Wm. A. Bradford and F. M. Hartman, of counsel.

Mr. Justice Scanlan delivered the opinion of the court.

This is an interlocutory appeal from an order enjoining the collection of a judgment entered in the municipal court of Chicago.

The appellant, Hooper, hereinafter referred to as the defendant, filed his suit in the municipal court to recover rent from the appellee, Hudson, hereinafter referred to as the complainant, for one of the apartments in the building known as 1000-1050 Hollywood avenue, Chicago, Illinois. The suit of the defendant in that case was based upon the claim that he was the owner of the premises and that the complainant, as a tenant, was obligated to attorn to him for the rent. The facts as to the alleged ownership of the property by the defendant have been before this court on a number of occasions. In *Hooper v. Becker,* 254 Ill. App. 606, we held that plaintiff's title to the property was void, and a certiorari was denied in that case by the

Supreme Court. In *Becker v. Hooper,* 263 Ill. App. 18, we deemed it advisable to state the history of the litigation surrounding the alleged ownership and we again held that defendant's title to the property was void and that it had been so adjudicated in the former case. In *Hooper v. Klipper,* 263 Ill. App. 642 (Abst.), *Hooper v. Cohen,* 263 Ill. App. 642 (Abst.), and *Hooper v. Birkenstein,* 265 Ill. App. 603 (Abst.), the first division of this court followed the aforesaid opinions of this division and also held that the defendant's title was void. In *Hooper v. Foreman,* 263 Ill. App. 652 (Abst.), the defendant sued a tenant for rent and we again held that his title to the property was void, and we said: "From the records of this court we learn that the plaintiff is still harassing the tenants of this building with suits for rent. These suits are without a semblance of merit and the plaintiff, who is entirely familiar with the aforesaid decisions, should cease to further prosecute such suits." In *Hooper v. Spitalny,* 263 Ill. App. 651 (Abst.), the defendant sued another tenant for rent and we therein followed our former ruling. In *Hooper v. Birkenstein, supra,* the first division of this court said: "It would seem that these opinions and decisions ought to have been sufficient information to plaintiff that it had been repeatedly adjudicated that his title to the property was void, yet we find him in the instant case again prosecuting a writ of error and still endeavoring to collect rents from the premises to which we have repeatedly held he has no claim." It now appears that in spite of the aforesaid decisions of this court, the defendant is still harassing the tenants of this building with suits for rent. We are satisfied that the plain purpose of the defendant is to prosecute these suits with the idea that some of the tenants, tired by litigation, will sleep upon their rights. The complainant in this case paid his rent to Celle Becker in accordance with an order entered

by the superior court June 19, 1928. In *Becker v. Hooper*, 263 Ill. App. 18, *supra*, 20–21, this order is cited. Equity would be weak, indeed, if it could not afford relief to the unfortunate complainant in the instant case. The contention of the defendant that the bill does not make out a prima facie case for relief is without merit.

The defendant contends that the bond given by the complainant does not comply with section 8 of the Injunctions Act, Cahill's St. ch. 69, ¶ 8. We feel impelled to say that we regret that we must hold that this contention is a meritorious one. The complainant practically concedes, as he must, that the bond does not comply with section 8. Instead of calling the attention of the trial court to the defect in the bond the defendant saw fit to take an appeal from the order and to raise the question as to the bond in this court. His action in that regard is entirely in accord with his plan to obtain rent from the tenants by harassment.

The injunctional order of the superior court of Cook county is reversed and the cause is remanded with directions to the chancellor to again enter an injunctional order in accordance with the prayer of the bill upon the complainant's filing a bond in accordance with the provisions of section 8 of the Injunctions Act. Each party will stand his own costs in this court.

*Reversed and remanded with directions.*

GRIDLEY, P. J., and KERNER, J., concur.